THE SECURITY COMPANY *vs.* MARY A. PRATT ET AL.

First Judicial District, Hartford, October Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, JS.

A suit by an executor or an administrator *cum testamento annexo*, for the construction of the will and directions as to his duties, is within the ordinary jurisdiction of courts of equity respecting the administration of trusts. The provisions of § 1124 of the General Statutes as to allowance for expenses and counsel fees are merely declaratory of existing rules of chancery practice.

Such a suit is as fully within the jurisdiction of the Circuit Court of the United States as any other, where the plaintiff is a citizen of one State and the defendant, or defendants, of another. And the fact that the estate of the testator is in settlement in a Court of Probate does not exclude such jurisdiction, any more than it excludes the jurisdiction of the proper courts of equity of the State.

Where, however, the federal jurisdiction depends upon diverse citizenship of parties, its exercise must be confined to the determination of the rights of such parties, and these only.

In such case a petition for removal from the State to the United States court is insufficient upon its face, if it appears therefrom that the plaintiff, with substantial rights of his own to protect, and one of the necessary defendants, are citizens of the same State. And an allegation in

such petition that the plaintiff had no interest in any of the questions controverted, is without effect if the language of the complaint shows such averment to be untenable.

The Act of Congress (U. S. Statutes at Large, Vol. 25, p. 437) concerning the removal of causes on the ground of diverse citizenship, prescribes that a defendant desiring such removal must file his petition and bond at or before the time when he "is required by the laws of the State, or the rule of the State court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff." *Held* that under our rule this required the defendant to file the petition and bond within the time limited for pleading in abatement, to wit, on or before the opening of the court on the day following the return day of the writ. *Held* also, that this statutory provision prescribed a general, invariable, and imperative standard of obligation with respect to the date for filing a petition to remove a cause, and that a special order extending the time for filing an answer is not the "rule of the State court" within the meaning of the Act.

It is contrary to the policy of this statute to permit any substantial amendment to vary or enlarge the grounds of removal first set up by the petitioner, after the expiration of the time allowed for filing the original petition.

As the present action was not removable on the original petition, the jurisdiction of the State court was not affected by the act of the petitioner in filing copies of the record in the United States court at the opening of its term, and it was not the duty of the State court to grant a motion for a stay of proceedings to await the action of the United States court.

A testatrix gave to *P* the residue of her estate for life, and empowered her, should she deem it advisable "for the interest and benefit of said life estate," to sell and convey any part "of said life estate, real or personal," and to invest the avails in other property, real or personal, "to be held by her in trust for the use and purposes as aforesaid, or she may appropriate the avails of sale either of real or personal estate of which she has a life estate as hereinbefore given and mentioned to her own use and benefit as of her own property and estate," with remainder to *W* in fee. *Held* :—

1. That the power of sale extended to a sale and conveyance of the absolute title to the property bargained for, and not merely to *P's* life estate therein.

2. That the question of *P's* right to appropriate to her own use the avails of a sale, should she deem it advisable in the future to sell, was one in which the plaintiff, suing as an administrator *cum testamento annexo* for a construction of the will, had no present concern.

3. That *P* was not entitled to demand and receive from the plaintiff the residuary personal estate in its hands, except upon giving a probate bond according to the provisions of § 559 of the General Statutes.

Section 448 of the General Statutes provides that all probate bonds "shall be conditioned for the faithful discharge, by the principal in the bond, of the duties of his trust according to law." *Held* that this provision, for securing certainty, simplicity and uniformity, left no room for vari-

ation in the language of the condition, and should be strictly complied with in all cases.

[Argued October 2d—decided December 1st, 1894.]

SUIT by the Security Company, a Connecticut corporation, as administrator, *cum testamento annexo* on the estate of Nancie W. Hall, deceased, for directions as to its duties under the will; brought to the Superior Court in Hartford County where certain of the defendants filed a petition to remove the cause to the United States Circuit Court for the District of Connecticut, which petition the court, *George W. Wheeler, J.,* denied; and thereafter judgment was rendered by the court, *Shumway, J.,* construing the will, from which the defendants, other than Mary A. Pratt, appealed for alleged errors of the court in denying the petition for removal, and in its decree construing the will. *Judgment sustained in part and in part reversed.*

The testatrix was a citizen of Connecticut, and her will was admitted to probate by the Court of Probate for the District of Chatham. After making certain legacies to Maria A. Woodruff and others, she gave the use of her residuary estate to her sister, Mary Ann Pratt, for life, adding the following provisions: "And I do hereby authorize and empower my said sister, Mary Ann Pratt, if she shall deem it advisable and expedient for the interest and benefit of said life estate given to her as aforesaid to sell and convey from time to time such part or portion of said life estate, real or personal, as she shall deem advisable, and to make and give all proper and necessary writings and deeds for the purpose of conveying and transferring the interest and the title to the same, and to invest the avails of any such sale or sales in other estate and property, real or personal, at her own option and discretion, to be held by her in trust for the use and purposes as aforesaid, or she may appropriate the avails of sale either of real or personal estate of which she has a life estate as hereinbefore given and mentioned to her own use and benefit as of her own property and estate.

"V. I give, devise, and bequeath to my niece, Eliza Trow-

bridge White, wife of Josiah J. White, and her heirs forever, subject to the bequest to Maria A. Woodruff and the life estate of my sister, Mary Ann Pratt, all the rest, residue, and remainder of the estate and property, real, personal, and mixed, and of whatever description and wheresoever being and situate which shall belong to me, or to which I shall in any way or manner be entitled to at law or in equity at the time of my decease, except that hereinbefore bequeathed, to have and to hold the same, and the same to be to her, the said Eliza Trowbridge White, and her heirs forever in fee simple, for her and their own sole use and benefit."

Eliza T. White was a citizen of New York, and died intestate, after the testatrix, leaving a minor son, and a husband who took out administration on her estate in New York and also ancillary administration in this State. Subsequently Mary Ann Pratt notified the Security Company, as administrator of the estate of Nancie W. Hall, that she deemed it advisable and expedient for the interest and benefit of her life estate, to sell and convey all the estate in its hands, and desired to appropriate the avails of such sales to her own use and benefit as of her own property and estate; made a demand for the delivery and transfer to her of all the estate; and stated that she should not give, and claimed it could not require, any probate bond, and also that she claimed no trustee could be appointed to hold such estate, for want of a bond, under General Statutes, § 559. At this time, the estate of the testatrix had been so far settled in the Court of Probate, that the amount of the residuary estate had been ascertained, and nothing remained to be done except to execute the provisions of the will with respect to its disposition.

Besides the personal estate in the hands of the plaintiff, which exceeded $37,000 in value, there were lands in Connecticut, belonging to the estate, the use of which Mary Ann Pratt was enjoying.

The complaint alleged that the plaintiff was in doubt as to its duties, in view of such demand, and asked for directions as to five points, as follows: (*a*) Is Mary Ann Pratt

entitled to delivery of all or any portion of the personal estate in its hands? (*b*) Is she entitled to receive possession of any of the principal except upon giving a bond to the acceptance of the Court of Probate for the District of Chatham? (*c*) Can she sell and convey the real estate? (*d*) In case of the sale of any of said estate, will the avails become and be her absolute property, without any other act by her indicating an appropriation thereof to her own use? (*e*) Can the plaintiff, at her request, sell any part of the estate, pay the avails to her, and hereby discharge itself from all further liability on account thereof? The claims for relief were, first, for an adjudication settling the construction of the will as to these points, and directing the plaintiff as to its duty; second, that the defendants might be ordered to set forth their several claims and demands and to submit the same to the decision of the court; and third, that suitable allowances for expenses and counsel fees might be taxed, to be paid out of the estate.

The husband of Mrs. White, both individually and as administrator, and her minor son, both citizens of New York, and Mary Ann Pratt, a citizen of Connecticut, were made defendants. Service of process in the action was accepted by Mary Ann Pratt.

On the return day of the writ, November 7th, 1893, Josiah J. White, who was the husband of Eliza T. White, individually, and as administrator of her estate, and Frederick H. White, their minor son, by Josiah J. White, as his father and next friend, filed a petition (with a proper bond) for the removal of the cause to the Circuit Court of the United States for the District of Connecticut. The petition alleged that Mrs. White was, at the time of her decease, a citizen of the State of New York; that the petitioners, at the time of the commencement of the suit, were and ever since had been also citizens of said State; that the plaintiff in the cause was, at the commencement of the suit and ever since had been a citizen of the State of Connecticut; that the plaintiff was a mere nominal plaintiff and had no interest in the controversy in said suit, or the questions which said suit was

brought to determine; but that said controversy was wholly between the defendant, Mary Ann Pratt, a citizen of the State of Connecticut, and the petitioners.

On November 24th, 1893, Josiah J. White was appointed guardian *ad litem* of his son, and on the same day the petition for removal was amended by introducing averments that if the plaintiff had any interest in the controversy in the suit, it was such that it should be classed together with Mary Ann Pratt on one side, and the petitioners should be classed as defendants on the other side; that there was a distinct and separate controversy in said suit, between the petition ers on the one side and Mary Ann Pratt on the other, which was wholly between them, and could be fully determined as between them; and that she claimed under said will the right to over $37,000, which claim the petitioners disputed and denied.

This amendment took the form of a new petition, which, it was asked, should be in effect substituted for the original one. It was signed with the name of the minor by his father as his next friend and special guardian and guardian *ad litem*, and also by Josiah J. White on behalf of the minor in the same capacities, and by him individually, and as administrator. A new bond was also filed, in proper form, and a paper signed by the petitioners, as above described, ratifying the original petition.

On December 20th the petition was denied by the court. The time for filing an answer by the petitioners was extended by the court on December 1st, 1893, and from time to time, until January 17th, 1894, and on January 16th, a further amendment to the petition was filed, alleging that neither the petitioners nor Mary Ann Pratt disputed the right of the plaintiff to the relief claimed by the plaintiff, but the only controversy was a dispute between the petitioners and Mary Ann Pratt, as regards the questions and doubts set forth in the complaint, in the answer to none of which did the plaintiff have any interest; but each of which questions presented a controversy as to which she was the sole party on one side, and the petitioners the sole parties

upon the other, and that the suit was commenced at her suggestion and request, and for her benefit and through collusion with her.

The defendants filed answers, admitting the allegations in the complaint, and setting up their respective claims. Mary Ann Pratt claimed that all the questions put by the plaintiff should be answered in the affirmative. The two other defendants denied her claims, and set up that under the true construction of the will each of these questions must be answered in the negative; but that no adjudication ought to be made as to any of the questions, or as to any rights of Mary Ann Pratt against them or either of them. They also, on April 21st, 1894, filed another motion, stating that they had filed in the Circuit Court of the United States, on the first day of its next session held in said district after the filing of their petition for removal, a duly certified copy of the record in the action; and praying for a stay of proceedings. This motion was overruled as insufficient and denied, the cause heard on complaint and answers, and final judgment rendered, advising the plaintiff: (1) That Mary Ann Pratt had power under the will, if at any time she deemed it advisable and expedient, and for the interest and benefit of her estate, to sell and convey any of said estate, real or personal, and appropriate the avails to her own use. (2) That her right of such appropriation was absolute and unrestricted. (3) That she was not entitled to receive any of the personal estate in the plaintiff's possession, except upon giving a probate bond to the acceptance of the Court of Probate for the District of Chatham, under § 559 of the General Statutes. (4) That such bond should be conditioned to safely and properly keep such estate to be delivered to the person entitled to receive it on the determination of the life estate of said Mary Ann Pratt therein, unless she, the said Mary Ann Pratt, shall during her lifetime sell, and appropriate the avails of sale of any of said personal estate to her own use and benefit as of her own property and estate, in accordance with the authority and power given to her in and by said will of Nancie Wells Hall.

And (5) ordering an allowance to each of the parties of a reasonable sum for expenses and counsel fees to be taxed as part of the costs in the cause and paid out of the estate.

From this judgment an appeal was taken to this court by Josiah J. White individually and as administrator, and guardian *ad litem*, and by Frederick H. White by Josiah J. White as his guardian *ad litem*.

*Lewis E. Stanton* and *Henry G. Newton*, for the appellants (defendants).

I. The cause had been removed to the Circuit Court of the United States, and the Superior Court had no jurisdiction.

The only question involved is whether the suit is a removable one. Is the real controversy here between citizens of different States? There is no question but what the only substantial controversy is between Mary Ann Pratt and these defendants. The plaintiff has absolutely no interest in the determination of the controversy. All that it claims is that its questions be answered and its duties determined. In what manner the questions are answered, and in what way the rights of the parties are determined, is absolutely of no consequence to the plaintiff.

Where the plaintiff is a nominal party or a mere stakeholder, he is not to be considered in determining whether the cause is transferable. *Am. Bible Soc.* v. *Price,* 110 U. S., 61; *Wolcott* v. *Sprague,* 55 Fed. Rep., 545; Dillon on Removal of Causes, § 17, and cases cited. *Harter* v. *Karnochen,* 103 U. S. 562; *Meyer* v. *Delaware R. R. Construction Co.,* 100 id., 457; *Bacon* v. *Rives,* 106 id., 99; *McNutt* v. *Bland,* 2 How., 9; *Hess* v. *Reynolds,* 113 U. S. 73; *Clark* v. *Bever,* 139 id., 96; *Reeves* v. *Corning,* 51 Fed. Rep., 774, 778; *First Nat. Bank* v. *Merchant's Bank,* 37 id., 657; *Anderson* v. *Bowers,* 40 id., 708; *Meyers* v. *Murray,* 43 id., 695; *Brown* v. *Murray,* 43 id., 614.

II. If it be held that the motion for a stay ought not to have been granted, the rights of the parties must be considered.

The power of sale in paragraph 4 of the will concerns only the life estate. The words are express : " To sell any part or portion of said life estate." The judgment of the trial court is : " To sell and convey real or personal estate of which she has the life estate, as in said will given and mentioned." The authority to sell more than the life estate is not expressed in the will. It is implied by the court from what is said in regard to the avails. There is no case which goes as far as this. There is no case in which language expressly giving the power to sell the life estate has been construed to give the power to sell the whole estate. *Lewis* v. *Palmer*, 46 Conn., 455 ; *Bradley* v. *Westcott*, 13 Ves., Jr., 435. The cases of *Smith* v. *Bell*, 6 Peters, 68 ; *Brant* v. *Vir. Coal & Iron Co.*, 93 U. S., 26 ; and *Boyd* v. *Stahan*, 36 Ill., 355, quoted in *Lewis* v. *Palmer*, strongly bear out our claim. See also *Glover* v. *Stilson*, 56 Conn., 316.

The construction here claimed seems to accord with the probable intent of the testator ; but if the intent were doubtful this construction is favored by the law. If terms of will leave intention doubtful, that nearest the statute of distribution is preferred. Giving Mrs. Pratt the life estate and Mrs. White the remainder was a substantially equal distribution. *Geery* v. *Skelding*, 62 Conn., 499.

Even if Mary Ann Pratt has the power to dispose of the corpus of the estate, still this power *is limited to her necessities*, of which the court is to be the judge. *Peckham* v. *Lego*, 57 Conn., 553 ; Schouler on Wills, 478 ; Redf. on Wills, *443 ; *Trustees of Methodist Church* v. *Harris*, 62 Conn., 94. She may only sell " if she deem it advisable and expedient for the interest and benefit of said life estate." This must mean if the life estate is not bringing in sufficient income, and she thinks she may obtain a larger income, and thus increase the life estate. She has no right to sell for any other purpose. If her life estate (that is the income of the property) will not be improved, she has no right to sell. Kent's Comm., Vol. IV., side page 536 ; *State* v. *Smith*, 52 Conn., 557.

The fifth clause of the will completely negatives the theory

of a fee in the first taker. The residuum is given to " Eliza Trowbridge White and her heirs forever in fee simple," and this gift is made expressly subject to the " life estate of my sister Mary Ann Pratt." This fifth clause, being a later one, should control. It is not necessary to resort to the severe doctrine that later repugnant words must prevail, and that earlier repugnant words may be stricken out entirely. Jarman on Wills, Vol. II., 5th Edition, side page 472; Schouler on Wills, § 478. Still it is true that later provisions in a will do control, and earlier ones if inconsistent with later ones, must yield. *Pratt* v. *Rice*, 7 Cushing, 209. No doubt such contradictory clauses are to be reconciled if possible.

If she is to sell for no other purpose than to appropriate the avails of sale, then she proposes to destroy the life estate entirely, and not to do any act for the benefit of it.

We say that she ought to give bond to preserve the entire estate, if not needed for her own use, for the remainderman, to whom it was given in fee. General Statutes, § 559.

*Charles E. Gross*, for the appellee (plaintiff).

I. The mere filing of a *petition for the removal of the case to the* Federal court, does not oust the State court of its jurisdiction.

If a case is within the Act of Congress, and a proper party files in the State court within the time allowed by said Act, a proper petition and bond, the jurisdiction of the State court undoubtedly ceases, provided at least a transcript of the record is filed in the Circuit Court of the United States. It is however the duty of the State court to inquire whether the petition for removal is within the Act of Congress, and complies with the provisions thereof, before surrendering jurisdiction of the case. *Stone* v. *Sargent*, 129 Mass., 506. A decision of the State court refusing to surrender its jurisdiction may be erroneous. If so (and the Federal court takes jurisdiction) all decrees or judgments of the State court are void, as the court had no jurisdiction, having lost it through the removal. But such decision of the State court refusing to surrender its jurisdiction is not made erroneous simply

by filing the transcript in the Circuit Court, nor even by a refusal of the said Circuit Court to remand the case. *Florence Sewing Machine Co.* v. *Grover et al.*, 110 Mass., 70; *Sewing Machine Cases*, 18 Wall., 553; *Pechner* v. *Phœnix Ins. Co.*, 6 Lansing, 411, 65 N. Y. 195; *Ins. Co.* v. *Pechner*, 95 U. S., 183; *Amory* v. *Amory*, 95 id., 186; *Vannevar* v. *Bryant*, 21 Wall., 41; *Railroad Co.* v. *McKinley*, 99 U. S., 147; *Stone* v. *South Carolina*, 177 id., 432; Dillon on Removal of Causes, p. 15. The Superior Court, therefore, had the right, and it was its duty to ascertain whether the case was within the Act of Congress and removable to the United States Court.

II. The case was not removable on any of the grounds stated in the petition for its removal, *i. e.*, diversity of citizenship, or a separable controversy wholly between citizens of different States, which can be fully determined as between them. The able and exhaustive opinion of Judge WHEELER, printed with the record, is unanswerable in support of our contention as to these questions.

III. The plaintiff had the right, in accordance with the practice in this State, to apply to the court for advice, and did so apply seeking its own protection, on account of the demand made upon it by Mrs. Pratt.

The plaintiff claims·that under the 4th clause of the will there is given to Mary Ann Pratt a life estate (coupled with a power of conversion), but not a fee. Whether there is any restriction upon the exercise of said power, and if so, to what extent, are questions which concern the other parties to this suit. The estate is not enlarged into a fee, simply because there is a power of conversion coupled with the life estate.

The power given in this will in this respect differs from a mere right·" to convert," or from the right as expressed in the case of *McKenzie's Appeal*, 41 Conn., 610, which was to " sell, dispose of, convey, and use the same, without any restrictions whatever." The case of *Peckham* v. *Lego*, 57 Conn., 553, is directly in point. Until Mrs. Pratt sells and appropriates the avails under the power, she is and remains a life tenant

of the estate. It is difficult, therefore, to understand how she can obtain the property without complying with the provisions of § 559 of the General Statutes.

Even if there are limitations or restrictions upon the power of the life tenant to appropriate the estate to her own use and benefit, yet there is nothing in paragraph 4 of the judgment which is inconsistent with any such limitation. The bond is conditioned for the delivery of the estate " to the person entitled to receive it on the determination of the life estate therein " (being the language of the statute), unless the life tenant shall appropriate the avails of sale to her own use and benefit *in accordance with the authority and power given to her in said will.* The condition is, therefore, only as broad as the will itself.

*Jeremiah Halsey,* for the appellee, Mary Ann Pratt (defendant).

I. The question whether the petition for removal presented a case in which the court was obliged by the Constitution and laws of the United States to surrender its jurisdiction and proceed no further in the cause, was one which must be determined by the Superior Court in the first instance, though the decision of this court upon the question may be reviewed by the Supreme Court of the United States on writ of error. *Stone* v. *Sargent,* 129 Mass., 503 ; *Broadway Nat. Bank* v. *Adams,* 130 id., 431 ; *Merchants' Cotton Press and Storage Co.* v. *Insurance Co. of North America et al.,* 152 U. S. 368.

II. It is respectfully submitted that the refusal to make the order was correct. The plaintiff was not only a necessary and indispensable party, but the only one who could bring the complaint, and as it was a citizen of the same State with one of the defendants, who was also a necessary party, there was no right of removal. *Wilson* v. *Oswego Township,* 152 U. S. 56. The plaintiff was justified in bringing the complaint, as it was authorized to do by § 1124 of the General Statutes. Mrs. Pratt had a clear right to the possession of the personal estate on giving a probate bond to

the acceptance of the Court of Probate, but being advised that she had in addition a power of appropriation, she demanded the property without giving a bond. The plaintiff thereupon brought its complaint for the direction of the Superior Court in relation to its duty in the premises. The matter of doubt was whether it was its duty to deliver the property without her first giving bond as required by § 559. That was the primary question for determination. Its solution depended upon another and incidental question, and that was what estate she took under the will. There was here no separable controversy between the defendants upon the construction of the will in that respect, but such construction was incidental to the primary question upon which the plaintiff required the aid and protection of the court in the discharge of its duties. There was no separable controversy here between Mrs. Pratt and the other defendants in relation to the estate which she took under the will. *Torrance* v. *Shedd*, 144 U. S., 527.

III. A controversy incidental to the main cause cannot be removed. *Winchell* v. *Coney*, 54 Conn., 24; *Du Vivier* v. *Hopkins*, 116 Mass., 128; *Florence Sewing Machine Co.* v. *Grover & Baker Sewing Machine Co. et al.*, 110 id., 70; *S. C.*, 8 Wall., 553.

IV. This suit is not one which is removable under the Acts of Congress.

The action is special and statutory and relates to the proper discharge of the duties of an administrator with the will annexed, in the settlement of an estate in settlement in this State, and the decree thereon is directed to and binding upon the Court of Probate having jurisdiction of the settlement of said estate. A complete determination of said action could not be had in the Circuit Court. Said court could not transmit any certificate of its judgment to the Court of Probate or the State courts, because it is not an appellate tribunal but a court of co-ordinate and independent jurisdiction. *Du Vivier* v. *Hopkins*, 116 Mass., 125.

V. It is respectfully submitted that Mary Ann Pratt took a life estate with a power of appropriation to her own use,

as provided in the will. The question arises upon the last clause of the fourth paragraph of the will, which is in these words: " or she may appropriate the avails of sale either of real or personal estate of which she has a life estate as hereinbefore given and mentioned to her own use and benefit as of her own property and estate."

By the settled rules of construction, effect is to be given to every part of the will, if possible, consistently with the rules of law. The words are to receive a construction which will give to every expression some effect, rather than one which will render any of the expressions inoperative. xvi. Jarman's Rules of Construction; *Lewis* v. *Palmer*, 46 Conn., 460.

The power to appropriate the avails of sales, which she is empowered to make, to her own use and benefit as of her own property and estate, is as clearly and positively given as her life estate and the power of sale. She was given the option to reinvest such avails or to appropriate them to herself.

The intention of the testatrix is effectuated by this construction. The power of appropriation does not convert her estate into a fee, except as to the portion, if any, which she may appropriate. *Glover* v. *Stillson*, 56 Conn., 316; *Lewis* v. *Palmer*, 46 id., 454; *Welsh* v. *Woodbury*, 144 Mass., 542; *Ayre* v. *Ayre*, 128 id., 575; *Hull* v. *Holloway*, 58 Conn., 210. This construction is consistent with the intention of the testatrix and gives effect to every part of the will.

VI. The appellants practically concede that Mrs. Pratt may appropriate as much of the estate " as she might need for her personal use." This involves a concession of her right to make an appropriation to that extent. But there is nothing in the language giving the power to justify such a limitation of it. There is no suggestion of any such limitation. It is " to her own use and benefit, as of her own property and estate." To limit the power to " so much as she might need for her personal use " is to insert those words in the will. The testatrix has not done so.

VII. There is no repugnancy between the provisions of the

fourth and fifth paragraphs, but if there was, the latter would be void. *Central M. E. Church* v. *Harris,* 62 Conn., 93 : *Matter of Cager,* 111 N. Y., 343.

VIII. There was no error in denying the motion for stay of proceedings. The court had jurisdiction of the case, and it was a matter of discretion whether it would stay proceedings.

BALDWIN, J. This is an action by an administrator *cum testamento annexo,* for directions as to its duties, and the construction of the will. Such a proceeding falls within the ordinary jurisdiction of courts of equity respecting the administration of trusts, and the provisions of General Statutes, § 1124, as to allowances for expenses and counsel fees, are merely declaratory of the existing rules of chancery practice. 2 Perry on Trusts, § 928; 1 Redfield on Wills, Chap. IX., § 7; *Crosby* v. *Mason,* 32 Conn., 482.

General Statutes § 559 provides that " when a life estate in any personal estate shall be given by will to one and the remainder to another, and there shall be no trustee named for such estate during the continuance of the life estate therein, the Court of Probate having cognizance of such will may order the executor to deliver said personal estate to the person having the life estate, upon his giving a probate bond, and it shall be his duty thereupon to safely and properly keep such estate to be delivered to the person entitled to receive it on the determination of the life estate therein, and in case such person shall fail to give bond as aforesaid, said court shall appoint a trustee for such estate during the continuance of said life estate, and the annual expense of such trust shall be chargeable upon the annual income of such estate."

The language of the will of Nancy W. Hall, in reference to the power of sale and appropriation conferred upon Mary Ann Pratt, is such as to justify the plaintiff, in view of the demand made upon it by Mrs. Pratt, in seeking the advice of a proper court, as to whether the estate in its hands

should be turned over to her, except upon her giving a probate bond for the security of those entitled in remainder.

To such a suit the plaintiff was an indispensable party, with a substantial interest in the question to be decided; for should it surrender the estate to the life tenant, without a bond, and the law be so that a bond is necessary, it might be called upon, on the termination of the life estate, to make good any diminution of the property, occurring after it passed out of its hands. The representatives and heirs of Mrs. White were proper parties defendant, and Mrs. Pratt was an indispensable party defendant. *Belfield* v. *Booth*, 63 Conn., 299, 309.

The plaintiff's complaint presented not only this question as to a bond, but others, involving a determination of the respective rights and ownership of Mrs. Pratt and the representatives and heirs of Mrs. White, both in the real and personal estate of the intestate. As to these other questions, assuming that they could be properly raised in this proceeding, the substantial controversy was between the life tenant and those entitled in remainder.

The laws of the United States provide that the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, in which there shall be a controversy between citizens of different States; that any such suit, if brought in any State court, may be removed into the Circuit Court for the district in which such State court is held, "by the defendant or defendants therein, being non-residents of that State"; that when in any such suit there shall be a controversy which is wholly between citizens of different States, and can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into said Circuit Court; and that the party desiring to remove any suit thus made removable, may file a petition for its removal " in such suit in such State court at the time,

or any time before the defendant is required by the laws of
the State or the rule of the State court in which such suit is
brought to answer or plead to the declaration or complaint
of the plaintiff." U. S. Stat. at Large, Vol. 25, Chap. 866,
p. 437, §§ 1, 2, 3.

The present suit was cognizable in the Superior Court by
virtue of its general equitable jurisdiction. The plaintiff
did not derive its title as administrator from that court, and
(except so far as the amount in controversy might regulate
jurisdiction) was no more accountable to it, than to any
other court of equity. *Parson* v. *Lyman,* 32 Conn., 566,
574, 5 Blatchf., 170. Suits to determine the construction
of a will are as fully within the jurisdiction of the Circuit
Courts of the United States, as any other, where the plain-
tiff is a citizen of one State, and the defendants of another.
*Gaines* v. *Fuentes,* 92 U. S., 10, 22. The fact that the es-
tate of the testator is in settlement in a Court of Probate
does not exclude the jurisdiction of a proper Circuit Court
to determine controversies between the executor and non-
resident parties, any more than it excludes the jurisdiction
of the Superior Court. *Hess* v. *Reynolds,* 113 U. S., 73, 77.
Where, however, the jurisdiction of the courts of the United
States, as to such matters, depends upon diverse citizenship
of parties, its exercise must be confined to the determination
of their rights, and those alone. "The fact that other par-
ties may be interested in the question involved is no reason
for the Federal courts taking jurisdiction of the controversy
between such parties." *Byers* v. *McAuley,* 149 U. S., 608,
618. It follows that the original petition for removal was
insufficient upon its face. The suit, it is true, was of a civil
nature, in equity, involving over two thousand dollars, and
one in which there was a controversy between citizens of
different States. But to that controversy, in part at least,
the plaintiff was not only an active party, but a party with
substantial rights of its own to protect, and the plaintiff and
one of the defendants were citizens of the same State. The
petition alleged that the plaintiff had no interest in any of
the questions involved in the controversy, but that allega-

tion was without effect, unless supported by the language of the complaint, and that language plainly showed that this position was untenable. *Wilson* v. *Oswego Township*, 151 U. S., 56, 66.

The petition was therefore properly denied, unless the situation of the parties was changed by the amendments, or amended petition, filed during the pendency of the cause.

A defendant seeking to remove a cause from a State court to the Circuit Court of the United States, on the ground of diverse citizenship, must file his petition and bond at or before the time when he "is required by the laws of the State, or the rule of the State court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff." This means that they must be filed as soon as he is "required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of the defenses should be tried and determined in the Circuit Court of the United States." *Martin* v. *Baltimore & Ohio Railroad*, 151 U. S., 673, 687.

Our General Rules of Practice provide (Rule XXI., § 2) that all pleas in abatement in the Superior Court must be filed on or before the opening of the court on the day following the return day of the writ; and (Rule IV., § 1) that the defendant, if he does not plead in abatement, shall answer or demur within thirty days from the return day. It was therefore necessary, under the rules of the court, that the petition of the defendants for the removal of this cause should be filed on or before the opening of the court on November 8th, 1893 ; and it was filed on November 7th. On December 1st, 1893, an order was made by the court in the cause, extending the time for the petitioners to file their answer until December 31st, and it was subsequently further extended to January 17th, 1894. Amendments to the petition (or an amended petition) with a new bond, were filed on November 24th.

There has been some diversity of opinion as to whether a special order of extension of time for answer can be deemed "the rule of the State·court," within the meaning of the

Act of Congress, but we think the better construction of the statute is that which makes it prescribe a general, invariable, and imperative standard of obligation, with respect to the date for filing a petition to remove a cause. The object of these provisions in the Act of 1887 was to restrict and narrow the privilege of removal. *Tennessee* v. *Union and Planters' Bank*, 152 U. S., 454, 462; *Ruby Canyon Gold Mining Co.* v. *Hunter*, 60 Fed. Rep., 305; *Dougherty* v. *Western Union Telegraph Co.*, 61 id., 138. As, then, no new petition to remove the cause could have been filed after November 8th, was it competent, by amendment to vary or enlarge the grounds of removal which the petitioners originally set up? In our opinion, it would be contrary to the policy of the Act to permit any substantial amendment of that character, after the time for filing an original petition had gone by. *Brigham* v. *C. C. Thompson Lumber Co.*, 55 Fed. Rep., 881; *Carson & Rand Lumber Co.* v. *Holtzclaw*, 44 id., 785. It does not appear that the amendments now in question were ever allowed by the Superior Court, and if they set up any new ground of removal, such an allowance after November 8th would have been beyond its jurisdiction, and therefore inoperative. *Church* v. *Syracuse Coal & Salt Co.*, 32 Conn., 372, 374.

There are decisions of Circuit Courts in support of the view that petitions which show no case for a removal may be amended or replaced by another, at any subsequent time, by leave of the State court, and that such action will relate back to the time when the original petition was filed. *Freeman* v. *Butler*, 39 Fed. Rep., 66. Such a doctrine seems to us to contravene the theory on which the fact of removal depends. In a case where a right of removal exists, the filing, in due season, of a proper petition and bond, when brought to the attention of the State court, *ipso facto* withdraws the suit from its jurisdiction; and if the petition is thereafter amendable at all, it is only in the Circuit Court, and not there to the extent of introducing any new ground of removal. *Carson* v. *Dunham*, 121 U. S., 421, 427; *Cameron* v. *Hodges*, 127 U, S. 322, 326. If, on the other hand, in

such a case, the petition claims the right of removal on wrong grounds, while it can ·be amended or replaced by another at any time within the period allowed for filing an original petition, yet should this not be done, to allow the State court afterwards, by permitting an amendment, to make the suit removable, by virtue of a legal fiction as to the relation of amendments to the date of the pleading amended, is to allow the authority of a State to supplant the authority of the United States in regulating the jurisdiction of the courts of the United States.

For these reasons we deem it unnecessary to consider whether a removal could be claimed under the allegations as to a separable controversy, contained in the amended petition filed November 24th, or as to the plaintiff's suing for the benefit of Mrs. Pratt, and by collusion with her, as set up in the amendments filed January 16th, 1894.

The suit not being removable on the original petition, the jurisdiction of the Superior Court was not affected by the act of the petitioners in filing copies of the record in the Circuit Court at the opening of its April term; and their motion for a stay of proceedings to await the action of that court was rightly denied.

The will of Miss Hall gave the use of her residuary estate to Mrs. Pratt for her life, and empowered her, should she deem it advisable " for the interest and benefit of said life estate " to sell any part " of said life estate real or personal," and invest the avails in other property real or personal, " to be held by her in trust for the use and purposes as aforesaid, or she may appropriate the avails of sale either of real or personal estate of which she has a life estate as hereinbefore given and mentioned to her own use and benefit as of her own property and estate." Then follows a gift to Eliza T. White in fee simple, "subject to the life estate of my sister," of the residuary estate of the testatrix " except that hereinbefore bequeathed."

These provisions gave Mrs. Pratt a power of sale, to be exercised only if she should deem it advisable for the benefit of her life estate. The power thus given is to sell any

part of " said life estate," but as she would have, without any such provision, power to sell all or part of her life estate ; as the avails of any sale, unless otherwise appropriated, are " to be held by her in trust for the use and purposes as aforesaid," which would seem to mean " for the interest and benefit of said life estate " ; and as she is given a right to appropriate the avails of a sale that may be made of any estate " of which she has a life estate " ; the most natural construction of the language of the testatrix is that the power extends to a sale and conveyance of the absolute title to the property bargained for. *Lewis* v. *Palmer*, 46 Conn., 454, 460. If any part of the estate was or should become unproductive, it is evident that its sale and reinvestment in productive property might be of benefit to the life estate, by increasing her annual income.

The alternative right conferred upon Mrs. Pratt respecting an appropriation of the avails of any sale to her own use, is conditioned upon her deeming it advisable to sell for the interest and benefit of her life estate. Whether, if she should deem it advisable to sell for such a purpose, and should thereupon make a sale, and should then undertake to appropriate the avails to her own use, the clause under which such right of appropriation is claimed in her behalf, or the later provision in the will, giving the residuary estate of the testatrix to her niece, Mrs. White, in fee simple, subject to " the life estate " of Mrs. Pratt, should prevail, are questions in which the plaintiff has no present concern, and as to which we express no opinion. As things now stand, Mrs. Pratt is but a life tenant, whose unexecuted power of sale and appropriation does not clothe her with an equitable fee. *Lewis* v. *Palmer*, 46 Conn., 454; *Glover* v. *Stillson*, 56 id., 316; *Peckham* v. *Lego*, 57 id. 553.

The Superior Court, therefore, was right in adjudging that she was not entitled to receive any of the personal estate in the hands of the plaintiff, except upon giving a probate bond as required by § 559 of the General Statutes; and it was also proper to tax a reasonable allowance for

expenses and counsel fees against the estate. But in the residue of the judgment there was error.

By General Statutes § 448, all probate bonds "shall be conditioned for the faithful discharge, by the principal in the bond, of the duties of his trust according to law." This provision leaves no room for variation in the language of the condition. It must be the same in every bond, and the character of our judicial system, under which courts of probate may often be held by a judge who has had no special training in law, makes it highly proper that this provision in favor of certainty, simplicity and uniformity, should be strictly complied with in all cases. It is doubtful whether the terms of the condition prescribed by the Superior Court are equivalent in effect to those prescribed by the statute; and it is certain not only that they differ widely in form, but that they are imposed upon the parties by the Superior Court, when not exercising an appellate jurisdiction, although the law requires the bond to be given to the acceptance of the Court of Probate for the district of Chatham.

The questions put by the plaintiff respecting the right of Mrs. Pratt as to a sale of any of the real or personal estate, and the appropriation of the proceeds, should also have been left unanswered. She had not requested the plaintiff to make any sale in her behalf, and whether, in case its administration of the estate were closed and a transfer made to her, she could sell, and, upon a sale, appropriate the proceeds to her own use, were matters as to which the plaintiff was not entitled to ask the instructions of the court. They concerned the parties beneficially interested in the estate, of whom part objected to their consideration; and whether there would ever be any occasion for a judicial determination of them, depended upon future contingencies, which might never occur. *Crosby* v. *Mason*, 32 Conn., 482, 484; *Maltby's Appeal*, 47 id., 349; *Miles* v. *Strong*, 60 id. 393.

The judgment of the Superior Court is affirmed in so far as it adjudges and advises the plaintiff that the said Mary Ann Pratt is not entitled to receive from the plaintiff, and the plaintiff has no legal right to deliver to her the posses-

sion of any of the personal property, constituting the principal of said estate, except and until she shall give a bond to the acceptance of the Court of Probate for the District of Chatham in accordance with the provisions of § 559 of the General Statutes of Connecticut; and in so far as it adjudges that there shall be allowed to each of the parties to this suit, a reasonable sum for expenses and counsel fees to be taxed as a part of the costs in this cause, and to be paid out of said estate; and the residue of said judgment is reversed and set aside, and the cause remanded to the Superior Court for the taxation of costs pursuant to that part of its judgment which is affirmed.

In this opinion the other judges concurred.