### COLLINS v. STOTT et al.

#### (Circuit Court, D. Connecticut. October 2, 1896.)

#### No. 437.

1. REMOVAL OF CAUSES—TIME OF FILING PETITION—WAIVER.

Under the judiciary act, as construed by the supreme court, the petition for removal must be filed as soon as defendant is required by the local practice to make any defense; but this is a mere limitation of time, which may be waived by failure of plaintiff to seasonably object.

2. SAME.

Where a cause is removed after the time prescribed, but plaintiff, being ignorant of the construction of the law, files an answer in the federal court, he may afterwards be permitted to withdraw it and file a motion to remand, where it appears that he had no purpose to speculate on his chances in the state court, and has not unreasonably delayed to assert his right after knowledge of the facts.

This was an action at law by W. W. Collins against F. H. Stott and others, brought in the superior court of New London county, and removed by petition of the defendants into the United States circuit court for the district of Connecticut.

Brown & Perkins, for plaintiff.

W. S. Allis, for defendants.

TOWNSEND, District Judge. Motion to remand. This action at law was brought to the superior court of the county of New London, in the state of Connecticut, by a writ returnable therein on the first Tuesday of November, 1895. A petition for removal to this court was filed on November 29, 1895, and was granted by the state court, and the transcript was duly filed in this court. The plaintiff entered a general appearance here, and on September 1, 1896, filed an answer to defendants' claim; and on September 7th, and during the session at which defendants were by statute required to file the transcript herein, the plaintiff filed his motion to remand. The rules of practice of the state court provide that all pleas in abatement in said court must be filed on or before the opening of the court on the day following the return day of the writ, and that, if a plea in abatement is not filed, the demurrer or answer must be filed within 30 days from the return day. The federal statute requires the petition for removal to be filed at or before the time when the defendant is required by the local law or rule of court to answer or plead to the declaration or complaint. That this provision means that the petition for removal must be filed as soon as

the defendant is required to make any defense in the state court, and that it was not seasonably filed in this case, is settled by the decisions of the supreme court of the United States in Martin's Adm'r v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533; Goldey v. Morning News, 156 U. S. 518, 524, 15 Sup. Ct. 559. These decisions have recently been applied in the construction of said rules of practice by the supreme court of Connecticut in Security Co. v. Pratt, 65 Conn. 161, 32 Atl. 396.

The defendants further claim, however, that the plaintiff, by filing an answer, and by his delay, has waived his right to object on the above ground. That the provision as to the time of filing the petition is a mere rule of limitation, which may be waived by a failure seasonably to object, is well settled. Ayers v. Watson, 113 U. S. 594, 597, 5 Sup. Ct. 641; Tod v. Railroad Co., 12 C. C. A. 521, 65 Fed. 145. It does not appear either that the plaintiff has taken any inconsistent positions, to the prejudice of the defendants, or has speculated on his chances in the state court by the trial of any issue therein, or has unreasonably delayed to assert his rights after knowledge of the facts. But in Martin's Adm'r v. Railroad Co., supra, the supreme court has pointed out the analogy between the direction as to the time of removal, and the direction that a civil suit, within the original jurisdiction of the circuit court of the United States, shall be brought in a certain district. In the latter case the personal privilege is waived by a plea to the merits. Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982; Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905; Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286; Martin's Adm'r v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533. In the case at bar the plaintiff was ignorant of the construction of said statute by the supreme court. He has now asked leave to withdraw his answer. In view of all the circumstances, the answer may be withdrawn, and, if this is seasonably done, the motion to remand may be granted.