## HEAD v. SELLECK et al.

(Circuit Court, D. Connecticut.   September 26, 1901.)

No. 502.

REMOVAL OF CAUSES—TIME FOR FILING PETITION—CONNECTICUT STATUTES.

Under the decisions of the supreme court that the time for filing a petition for removal is limited by the time for filing dilatory pleas to the jurisdiction of the court or in suspension or abatement of the particular suit, and the rule of the Connecticut state courts that all pleas in abatement must be filed on or before the opening of the court on the day following the return day of the writ, it is the settled rule in that district that a petition for removal must ordinarily be filed by that day. But Gen. St. § 1251, provides that in cases of foreign attachment, where the defendant is a nonresident of the state and does not appear, the cause shall be continued for three months from the return day, unless the court shall find that defendant or his agent or attorney had actual knowledge of the suit 12 days before the return day, subject, however, to the further limitation that the continuance shall terminate 12 days after such actual notice is received, as found by the court. *Held*, that in such case, conceding that a defendant would have the right to file a plea in abatement or a petition for removal after the return day, such right terminates 12 days after he has actual notice of the suit, and that, where the record shows such notice or knowledge more than 12 days before the filing of his petition, the cause cannot be removed.

On Motion to Remand to State Court.

Tweedy, Scott & Whittlesey and Beach & Fisher, for plaintiff.

H. W. Taylor, for defendants.

TOWNSEND, District Judge. This action was brought by foreign attachment against nonresident defendants in the state court. The garnishee was served on August 22, 1900, and the writ was returned on the first Tuesday of September. Defendants' petition for removal does not allege ignorance of the pendency of the action before the return day. They were not personally served with notice, and did not appear at that time. On October 10, 1900, the bond on petition to remove was executed by defendants, and on November 12, 1900, the counsel for defendants filed said petition for removal to this court, which was allowed.

It is settled in this district by the decisions of the federal and state courts that the time for removal of a cause in this district ordinarily expires at the opening of the court on the day after the return day of the writ. Security Co. v. Pratt, 65 Conn. 161, 32 Atl. 396; Collins v. Stott (C. C.) 76 Fed. 613. This conclusion follows from the rule of the state court that "all pleas in abatement must be filed on or before the opening of the court on the day following the return day of the writ," and from the decisions of the supreme court that the time to file a petition for removal is limited by the time for filing "dilatory pleas to the jurisdiction of the court, or in suspension or abatement of the particular suit." Martin v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311; Goldey v. Morning News, 156 U. S. 524, 15 Sup. Ct. 559, 39 L. Ed. 517.

Plaintiff contends (and defendants accept his contention) that the rule in Connecticut as to time of filing pleas in abatement applies to

cases where defendant has no actual notice of the pendency of the action, and that therefore no plea in abatement could be filed in this case after the opening of the court following the first Tuesday of September. Plaintiff further contends that the expiration of the time for filing the plea in abatement absolutely cuts off the right of removal to the United States court. Defendants insist that it cannot be so that a defendant may lose his right of removal while ignorant of the proceeding, and that, inasmuch as they never had opportunity to file a plea in abatement, the first pleading which they are required to file, within the meaning of the statute, is an answer or demurrer. The rule of pleading applying to answers or demurrers provides that they shall be filed within 30 days from the return day, but "this rule shall not be applied to causes which are continued on account of the absence of the defendant from the state"; and the defendants rely on the following provision of the statutes of Connecticut:

"If the defendant does not appear, any garnishee may be admitted to defend his principal; but, if the defendant is not in this state, and does not appear by himself or his attorney, and the garnishee does not appear to defend, the action, if in the superior court, shall be continued for three months from the date on which the writ is returnable," etc. Gen. St. § 1251.

Plaintiff says that this continuance is not made until after the second opening of the court, because it is uncertain until that time whether or not defendant will appear, and that at that time the right to plead in abatement ceases. The continuance, however, is for three months from the date on which the writ is returnable. The continuance apparently relates back to the moment of the case coming into court. In the absence of any decision in the state courts, it ought not to be held that a defendant who has no knowledge whatever of the bringing of a suit waives the right to plead to the jurisdiction, or to plead such matters as infancy, coverture, or nonjoinder. In Goldey v. Morning News, supra, it was held that a defendant might remove a case, and then be heard on a plea to the jurisdiction, but this right would be wholly unavailable if such plea could be waived through ignorance of the statute. In case of the continuance for three months, as that statute originally stood, it must be presumed that the court would have held that the defendant, on appearing at that time, might, as matter of right, plead to the jurisdiction or in abatement; but this section was modified by chapter 36 of 1889, which reads as follows:

"The provisions of sections 994 and 1251 of the General Statutes shall not apply to any case in which the court shall find that a defendant, or his duly authorized agent or attorney, has had actual notice of the institution of the case twelve days before the return day thereof, and any continuance of the case ordered or required, under the provisions of said section, shall terminate twelve days after the absent or non-resident defendant, or his duly authorized agent or attorney, shall have received actual notice of the pendency thereof as found by the court."

Defendants claim that there must be an actual finding by the court of the fact of notice before the continuance terminates, and that, as there was no such finding up to the time of their appearance, they could then file their motion. Under this rule, if plaintiff can at any time prove that defendants had actual notice of the suit more than

12 days prior to the time of such proof, with the added day for appearance, he would undoubtedly be entitled to a default; and, on the same principle, it should be held that an absent defendant, learning of a suit against him, should consider the return day thereof as coming 12 days after the receipt of such information, and should plead in abatement, if he desires so to do, before the next opening of court from that time. Applying this principle, it is certain on the face of the pleadings that defendants knew of the pendency of this action at least as early as October 10, 1900. They should, therefore, have entered their appearance on or before October 22, 1900, and should have filed their petition for removal on or before the opening of court on October 23, 1900. If, as is probable, they had actual notice of the action 12 days prior to the return day, it should have been filed on or before the second opening. The question is suggested (not necessary now to be decided) whether in a case like the present the petition for removal should not allege ignorance of the pendency of the action. The motion to remand is granted.