LOUIS CHARSKY
vs.
McKESSON & ROBBINS, INC.

Superior Court      Fairfield County      File #49740

Present:   Hon. JOHN A. CORNELL, Judge.

Bernard Kopkind,       Attorney for the Plaintiff.

Marsh, Stoddard & Day,      Attorneys for the Defendant.

### MEMORANDUM FILED MARCH 3, 1936.

CORNELL, J. The petition contains allegations of all of the essentialities necessary to the granting of the prayer contained in it.

Among these is the following:

"5. The time within which your petitioner is required under the laws of this state and the rules of this court to answer or plead to the complaint in the above entitled action has not yet expired."

The writ in the instant cause was made returnable to, and returned to, this court on the first Tuesday of February, viz., February 4, 1936.

According to the opinion in **Security Co. vs. Pratt, et al, 65 Conn. 161, 178,** a petition for removal must be filed on or before the return day of a writ to comply with the applicable provisions of the Judicial Code, since the first pleading under our scheme (viz., a plea in abatement) must be filed "on or before the opening of court on the day following the return day of the writ". **Practice Book, #85.**

Since the petition here was not filed until February 20, 1936, it plainly falls without the time limited.

Defendant's contention that the provisions of **General Statutes, Rev. 1930, #5534,** have the effect of extending the time during which a defendant may be "required" to plead does not appear to be apropos. The operative effect of this statute is confined to the averting of defaults where parties have failed to plead within the time limited by statute or rule of court.

Since, of course, a defendant is not obliged to plead in

abatement and could under no circumstances be defaulted for failure to do so even though a writ be palpably vulnerable to such a plea, it is manifest that the statute has no application to such a plea and that nothing contained in it may have the effect of extending the time limited for the filing of same.

Neither, of course, does the statute in question purport to vary the order of pleading nor the effect of failure to invoke any particular pleading in its ordained order, upon the character of pleading thereafter at a party's disposal.

In short, nothing can be discerned in the situation produced as the result of the enactment of #5534 which detracts from either the scope or effect of what is said in **Security Co. vs. Pratt, supra.**

As the opinion in the latter case appears to be decisive of defendant's right to a removal of this cause, in view of the situation noticed, nothing would be gained by a discussion of the other considerations urged and argued.

The prayer of the petition is denied.