## AUGUSTINE F. LINAHAN ET ALS., TRUSTEES
*vs.*
## AUGUSTINE F. LINAHAN ET ALS.

Superior Court          New Haven County          File No. 58715

MEMORANDUM FILED JUNE 17, 1941.

*Ralph H. Clark,* of New Haven, for the Plaintiffs.

*Chambers, Hesselmeyer & Grimes,* and *John Q. Tilson,* of New Haven, for Anna L. Linahan, Executrix.

*David M. Reilly*, of New Haven, for Augustine F. Linahan, Lulu B. Linahan, Agatha A. Moore and Basil T. Moore.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

CORNELL, J. The plaintiffs are Augustine F. Linahan and Lulu B. Linahan, both of New Haven in the State of Connecticut, and Agatha A. Moore of Bloomfield in the State of New Jersey, as surviving trustees under a trust created in a certain writing described in the complaint. The defendants, as the process and complaint stood when the case was returned to this court on the first Tuesday of May, 1940, include all of the parties mentioned as plaintiffs, but in their individual capacities, together, also, with Anna Louise Linahan of New York City, as executrix on the will of James P. Linahan. The motion for the removal of the cause to the United States District Court for the District of Connecticut filed April 7, 1941, is made by defendants, Anna Louise Linahan as executrix on the will of James P. Linahan and Anna Louise Linahan, individually, she having appeared in the latter capacity on February 11, 1941. The basis of the motion is diversity of citizenship between the parties plaintiff and defendant. To afford sanction to the granting of the motion it is essential that it appear that all the necessary or indispensable parties be so aligned that every party plaintiff is a citizen of a different state than that of every party defendant. Or to put it in another way, the motion cannot be granted if any one of the plaintiffs is a citizen and resident of the same state as any one of the defendants. *Shainwald vs. Lewis*, 108 U.S. 158, 2 Sup. Ct. 385, 27 L. ed. 691.

It appears that such a condition obtains in the instant suit as the record stands, in that two of the trustees named as plaintiffs are citizens and residents of Connecticut (viz., Augustine F. Linahan and Lulu B. Linahan) and the same two persons, but in their individual capacities, are denominated defendants. It is true, as the moving defendant contends, that the mere designation of the parties to an action or controversy as made in the pleadings is not decisive of whether they are to be considered as so aligned as to meet the requirements for removal of a cause from a state to a Federal court. *Evers vs. Watson*, 156 U.S. 527, 532, 15 Sup. Ct. 430, 39 L. ed. 520. Such alignment is to be made according to the interests of the several parties in the subject matter of the litigation. *Evers vs.*

*Watson, supra.* This, of course, may result in arranging the parties on each side, in the same positions as assigned to each in the complaint (*Venner vs. Great Northern Ry. Co.,* 209. U.S. 24, 32, 28 Sup. Ct. 328, 52 L. ed. 666), or it may require arranging a named defendant in respect of his interest in the subject of the cause with the plaintiffs. If the defendants Augustine F. Linahan and Lulu B. Linahan, as individuals, here were to be ranged with the same persons as trustees together with Agatha A. Moore as plaintiffs then the requirements of diversity of citizenship as a ground for removal would be met.

To determine whether Augustine F. Linahan and Lulu B. Linahan are to be considered defendants in their respective individual capacities, the court is required to consult the record thus to inform itself of the nature of the subject matter of the suit and thereby to determine whether such parties, as defendants, have such a real interest adverse to themselves, as trustees, in the outcome of the litigation that they will or may be individually affected, personally, or in their estates. 54 C.J. *Removal of Causes* §147, footnotes 52, 53. The complaint describes a trust *inter vivos* created by a writing executed by Thomas H. Linahan of New Haven, Connecticut, as the creator, and James P. Linahan, Lulu B. Linahan, Agatha A. Moore and Augustine F. Linahan as individual parties to the agreements contained in such writing, as well as James P. Linahan, Lulu B. Linahan, Agatha A. Moore and Augustine P. Linahan, collectively, as trustees. It provides that the income arising from certain properties described in the document, to be turned over to the trustees by Thomas H. Linahan, should be paid to the latter during his lifetime; that upon the death of Thomas H. Linahan and until the first day of January, 1930 (unless certain named parties agreed that the trust should continue after January 1, 1930) the income should be distributed and paid over to the beneficiaries (who, as noted, are the persons named as trustees). according to certain percentages; but if the parties on or before such date failed to agree to such continuance of the trust, the principal of which it then consisted should be divided and distributed so that each of the beneficiaries should receive 2/10ths thereof, except Lulu B. Linahan, who was to have 4/10ths, unless any of such beneficiaries had then failed to make a will containing certain provisions, in which latter case the share which would otherwise

be paid to him or her should be delivered over to his or her children or descendants of his or her deceased children as the case might be. The provision of the trust agreement which required that each beneficiary make a will stipulated that such testaments contain provisions disposing of the property to be received by them under the trust, viz., that after making such dispositions to charity and to their surviving respective husbands and wives as each might elect, the balance, if any, should be given to his or her surviving children in fee or in trust, and in case any beneficiary have no children or descendants of children, the remainder of such property was to be given to the brothers and sisters of such party. The trust agreement contains other provisions, but the foregoing are sufficient to sketch the broad outlines of the plan in so far as this affects the interests of the several parties to the instant suit.

The complaint relates that Thomas H. Linahan died on September 24, 1929; that thereafter and until January 1, 1930, and since that date in accordance with an agreement entered into pursuant to the provisions of the trust agreement, until January 1, 1940, the trustees or their survivors have administered the trust in accordance with its provisions. The instant suit arises from circumstances ensuing upon the demise of James P. Linahan on April 13, 1936, in that he left a widow (now defendant Anna Louise Linahan) but no child or any children of any deceased child surviving him. Before his death, James P. Linahan had executed a will in which he devised and bequeathed all of his estate to his said wife, who is also executrix thereon. It is alleged that of the surviving beneficiaries (who are, also, trustees) only one has a child now living, viz., Agatha A. Moore. The other two, viz., Lulu B. Linahan and Augustine F. Linahan "are without children and unmarried." Out of these facts the questions arise whether the interest of James P. Linahan is to be paid over to Anna Louise Linahan as the executrix on his will, or to her as his surviving wife, or whether it is to go to his surviving brother and sisters.

The relief sought is not a plea to the court by the surviving trustees to construe the trust agreement and to advise them so that they may discharge their duties in the premises with safety to themselves and with due regard to the rights and interests to all parties concerned, nor is it required that any opinion be expressed concerning what the situation might be

under the instant motion were that the case. On the contrary, the plaintiffs, as trustees, asking nothing as respects their duties and obligations as fiduciaries, importune the court to declare the rights of themselves in their capacities as beneficiaries, as well as those of the estate of James P. Linahan "in or to any of the principal of said trust" and "in or to any of the income accruing in said trust since April 13, 1936." There is no occasion to inquire whether a plaintiff may ask the court under the statute relating to actions seeking declaratory judgments to declare the rights and legal relations of others than his own even in a subject matter in which such plaintiff has a legal interest. But what is apparent is that as the case is set up it involves, not a controversy on the part of the trustees as against the beneficiaries or any of them, but one between certain beneficiaries on the one side and others claiming to be such on the other. The trustees-plaintiffs have merely brought all the parties into court but having delivered or enticed them there, has left them to establish their respective rights and interests in the subject matter of the action. In such a situation as is disclosed the real adversaries are Augustus F. Linahan, Lulu B. Linahan and Agatha A. Moore in their roles as beneficiaries of the trust on the one part and Anna Louise Linahan as executrix on the will of James H. Linahan, and individually, on the other. The Linahans and Agatha A. Moore, who are trustees, are but spectators in the duel which they have arranged between themselves in their roles as beneficiaries and Anna Louise Linahan. Recognizing the realities of the situation and, accordingly, ignoring the mere formal arrangement of the parties as they appear in the process and are described in the complaint, it must be concluded that there is diversity of citizenship and residence present, which, if the other requirements are satisfied, demands that the motion be granted. This, since obviously the necessitated rearrangement of the parties places Anna Louise Linahan of New York on one side and Augustine F. Linahan, Lulu B. Linahan of Connecticut and Agatha A. Moore of New Jersey beside the plaintiffs, trustee, on the other—an alignment in which it appears that there is no party on the one side who is a citizen and resident in the same state as a party on the other side.

However, the motion must be denied for the reason that it was not filed within the time specified in section 29 of the Judicial Code (28 U.S.C.A. §72), viz., "at the time, or any

time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." That time under our practice occurs when the first pleading may be filed (viz., a plea in abatement) which is "on or before the opening of the court on the day following the return day." *Practice Book* (1934) §85; *Security Co. vs. Pratt,* 65 Conn. 161, 178; *Head vs. Selleck,* 110 Fed. 786. And, see, *Charsky vs. McKesson & Robbins, Inc.,* 3 Conn. Sup. 311. It appears that while the cause was pending in this court, viz., on February 14, 1941, an order was entered whereby Basil T. Moore, the son of Agatha A. Moore, who had been named as a party defendant was dropped and Anna Louise Linahan who, as noted *supra,* had been named as executrix on the will of James P. Linahan, was made a defendant in her individual capacity. Although the file does not suggest it, it is said that this occurred as the result of a stipulation of the parties to the suit. At any rate a substituted complaint was filed on February 27, 1941, which all the defendants except Anna Louise Linahan, in either of her dual capacities, answered on the same day. On March 31, 1941, counsel for the plaintiffs advised counsel for the defendant Anna Louise Linahan that he would seek a default against her at the next short calendar. Before such a default was entered, however, the pending motion for removal of the cause was duly filed. Out of these circumstances the moving defendant contends that the time during which the motion might be made was extended.

There is, it is true, a great conflict in the authorities among the several jurisdictions as to whether a stipulation of counsel or an order of the court extending the time during which a defendant may plead does or does not operate to also extend the time during which a cause may be removed. Annotation, 108 A.L.R. 966. However, there is no uncertainty on that score in Connecticut. The period during which the motion may be made is specified in section 72, title 28, United States Code. It is at the time, or any time before the time required by the laws of the state or the rule of the state court in which such suit shall be brought to answer or plead to the declaration or complaint of the plaintiff. The matter is, hence, one that must be determined by the state court according to the statutes and rules of court in force at the time the motion for removal is preferred. A mere order of the court extending the time in

which to file a pleading is not a "rule" of court within the intendment of this provision. *Security Co. vs. Pratt, supra,* 178. Much less, of course, is a stipulation between counsel. The rule adopted here, as noted in *Security Co. vs. Pratt, supra,* 179, has the sanction that it accords with the policy of the Federal statutes concerning the removal of causes from state into the Federal courts in that it tends "to restrict and narrow" the privilege of removal. *Security Co. vs. Pratt, supra,* 179. This view is supported by the brief history of the Federal statutes governing the removal of causes contained in the annotation in 108 A.L.R. 966.

For the reasons noted the motion is denied.