## DAVID M. MITCHELL, EXECUTOR, *vs.* MARY E. MITCHELL ET AL.

First Judicial District, Hartford, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A testator who died in 1886 provided that all of his property, subject to a life annuity to his widow, should be held in trust until January 1st, 1900, when it was to be distributed as directed by subsequent clauses of his will. One of these clauses (10) gave to *L* "and his children, in equal portions, two fifths of all of my estate after the closing of the trust, to have and to hold unto them and their heirs forever. But if one or more of the said four children of *L* shall have died leaving issue of his or her body, said issue shall receive the same portion that his or her parent would be entitled to if living." At the testator's death *L* had four children, one of whom, *N*, died in 1892, leaving children. In 1895 *L* remarried and had another child, born in March, 1897, who is still living. *L* died in July, 1897, intestate, leaving his widow and said five children. In a suit to construe the will it was *held :*—
1. That no part of the property was intestate.

2. That upon the testator's death the two fifths in question vested in *L* and his four children, equally, as tenants in common; and that they took as a class which opened to let in the child born afterwards but before the class gift took effect in point of enjoyment.

3. That by the " issue " of a deceased legatee, the testator meant his or her children, under which provision *N's* children took her share.

4. That *L's* widow had no interest in any of the property of the testator, although she would be entitled to her statutory share in so much of it as might thereafter be distributed to and become part of her deceased husband's estate.

A legacy to a class embraces all those who fall within it at the time the legacy takes effect in point of enjoyment.

Argued October 3d—decided November 1st, 1900.

SUIT to determine the construction of the will of Elizur Mitchell of Southbury, deceased, brought to the Superior Court in Litchfield County and reserved by that court, *Elmer, J.*, upon the facts alleged in the complaint, for the consideration and advice of this court.

The case is sufficiently stated in the opinion.

*James Huntington* and *Arthur D. Warner*, for the executor.

*Hugh M. Alcorn*, for Mary E. and Benjamin Ward Mitchell.

*Robert E. DeForest*, for David M. Mitchell et al.

*George D. Watrous* and *Harry G. Day*, for Helen W. Brooks.

ANDREWS, C. J. The complaint in this case asks the advice of the Superior Court as to the distribution of the estate of Elizur Mitchell, pursuant to his will, to the several persons claiming thereunder; and the questions are reserved for this court.

The will was made and duly executed on the 3d day of August, 1885. There was a codicil dated the 19th day of May, 1886. The testator died on the 21st day of May, 1886. Thereafter, on the 22d day of June, 1886, the will and codicil were proved and established in the proper Court of Probate.

The will provided, in the first place, for the support of the testator's widow. She died on the 11th day of May, 1897. In the next place it provided that the entire estate should be held in trust until—as amended by the codicil—the 1st day of January, 1900, and directed in what way the income of the estate should be disposed of. As soon after the closing of the trust as was practicable the trustee, who was also the executor of the will, settled his account as trustee and as executor with the Court of Probate, and the same was approved, accepted and ordered to be recorded. From this settlement no appeal has been taken. The court found that there was then in the hands of the executor, for distribution under the provisions of the will, the sum of $375,761.29, of which $8,880 was in real estate. The clauses or sections of said will which direct the distribution of the testator's estate are the eighth, ninth and tenth, and are as follows: —

" *Eighth.* I order, direct, and declare that the said trust shall terminate and come to an end on the first day of January, A. D. 1900, and the principal fund of the whole of said trust estate shall be divided up and distributed as follows, to wit: 1. I give, devise, and bequeath to my granddaughter Helen M. Winchell, one-fifth part of the principal of my estate after the closing of the trust. But if Helen M. Winchell shall die before the closing of the trust and the distribution of the principal of my estate, without issue of her body, said portion that Helen M. Winchell would be entitled to if living I order and direct shall be distributed, one half to the children of Lawrence Mitchell, equally, and the remaining half to the children of D. M. Mitchell, equally, to have and to hold unto them and their heirs forever.

" *Ninth.* I give, devise, and bequeath to David M. Mitchell and his children two fifths of the principal of all my estate, in equal portions after the closing of the trust.

" *Tenth.* I give, devise, and bequeath to Lawrence Mitchell and his children, in equal portions, two fifths of all my estate after the closing of the trust, to have and to hold unto them and their heirs forever. But if one or more of the said four children of L. Mitchell shall have died leaving issue of

his or her body, said issue shall receive the same portion that his or her parent would be entitled to if living."

No question arises under the eighth section of the will. Helen M. Winchell—now Helen W. Brooks—is living, and is entitled under that section to have one fifth of the said principal fund distributed to her.

Nor is there any question under the ninth section. David M. Mitchell and his children are entitled to have two fifths of the said principal fund distributed to them in equal portions.

Whatever uncertainty there is arises under the tenth section. At the time the testator died Lawrence Mitchell was the father of four children, *viz:* Frank H. Mitchell, Nellie E. Mitchell, Jessie P. Mitchell and Vivian E. Mitchell. One of these, Nellie E. Mitchell—afterward Parsons—died on the 13th day of June, 1892, leaving four minor children. When the testator died said Lawrence Mitchell was living unmarried. He had been divorced from the mother of his children. Subsequently, on the 3d day of July, 1895, he married Mary E. Mitchell by whom he had a son, Benjamin Ward Mitchell, born on the 25th day of March, 1897.

The questions upon which the advice of this court is asked, are these : 1st. Whether at the end of the trust in 1900 the four children of Lawrence Mitchell above named (comprising all the children he had at the death of the testator) take the whole of the two fifths of said estate devised to said Lawrence Mitchell and his children, in equal portions, by the tenth section of the will. 2d. Whether Benjamin Ward Mitchell, son of Lawrence Mitchell deceased, born after the death of the testator, takes any part of the " two fifths of all the estate devised and bequeathed to Lawrence Mitchell and his children in equal portions " after the closing of the trust. 3d. Whether by said tenth section of said will the defendant Mary E. Mitchell, widow of said Lawrence Mitchell deceased, has any statutory interest in said two fifths of said estate. 4th. Whether the two fifths of said estate " devised and bequeathed to Lawrence Mitchell and his children," vested in them as a class at the death of the testator, or at the close of

the trust in 1900.   5th.  Whether by the death of Lawrence Mitchell, before the closing of the trust in 1900, the portion of the two fifths bequeathed to him has become intestate estate.

It is entirely plain that no part of the estate of Elizur Mitchell is intestate.   The one fifth devised to Helen M. Mitchell and the two fifths devised to David M. Mitchell and his children, certainly are not intestate.   And we think the two fifths devised and bequeathed to Lawrence Mitchell and his children, in equal portions, is not intestate.   It vested in them at the death of the testator.

Legacies and devises vest at the time the will becomes operative, unless there is a clear intent to the contrary.   In this will no such contrary intent appears.   *Johnes* v. *Beers,* 57 Conn. 295 ; *Marcy* v. *Marcy,* 32 id. 308 ;· *Corley* v. *McElmeel,* 149 N. Y. 228.

The words in this part of the will, " Lawrence Mitchell and his children," standing alone, must be taken to mean Lawrence Mitchell and all his children.   They can have no other meaning.   It is a devise to a class.   A class is a number of persons or things ranked together for some common purpose. Bouvier's Law Dict.   And when a legacy is to a class, all those will take who are embraced in the class at the time the legacy takes effect in point of enjoyment.   *Jones' Appeal,* 48. Conn. 60 ; *Belfield* v. *Booth,* 63 id. 299, 304.   Benjamin Ward Mitchell is one of the class to which this devise is made. *Rockwell* v. *Bradshaw,* 67 Conn. 8.   The class consisted of Lawrence Mitchell and all his children.   *Kingsbury* v. *Walter,* L. R. (1899) 2 Ch. 314.   While in some cases the members of a class take as joint tenants, they do not so take when the intent is otherwise.   *Bolles* v. *Smith,* 39 Conn. 217 ; *Morris* v. *Bolles,* 65 id. 45, 53 ; *Rockwell* v. *Bradshaw, supra.*   In this will the clear intent is that they take as tenants in common.   The provision in the second part of the tenth section of the will — that if one or more of the then living children of Lawrence Mitchell shall have died leaving issue of his or her body, said issue shall receive the same portion that his or her parent would be entitled to if living — indicates clearly that the members of this class are to take as tenants in common.

At the time this will was made the testator was well advanced in years. He had children and grandchildren, and the grandchildren had come to years of maturity. He knew that his son Lawrence was then unmarried. He had postponed the distribution of his estate until the year 1900. He foresaw the possibility that Lawrence might again marry and have other children, just as he foresaw that the living children of Lawrence might die leaving issue of their own. The language of the first part of the tenth section of the will sufficiently provided for after-born children, if there should be any. It was not probable that such children would have children before the ending of the trust; so he further provided for the issue of the then living children, that they should receive the portion that their parent would have had. This provision of the will shows plainly that the testator intended the members of this class to take as tenants in common. The word "issue," as used in the tenth section of the will, means children. It includes only such issue as can take from a parent, i. e. children. The members of this class being tenants in common, the share of Lawrence did not pass to the other members of the class, but belongs to his estate. The said two fifths devised and bequeathed to Lawrence Mitchell and his children, equally, should be distributed into six equal parts and set, one part to the estate of Lawrence Mitchell deceased, one part to the children of Nellie E. Mitchell Parsons deceased, one part to Frank H. Mitchell, one to Jessie P. Mitchell Blackman, one to Vivian E. Mitchell and one to Benjamin Ward Mitchell.

The widow of Lawrence Mitchell has no statutory interest in any part of the estate of the testator. After the distribution is made and the one sixth of the two fifths is set to the estate of Lawrence Mitchell, it will be the intestate estate of Lawrence Mitchell. She will be entitled to a statutory share in that. She will take that as an interest in the estate of Lawrence Mitchell, her deceased husband, and not as any part of the estate of Elizur Mitchell. We suppose the estate of Lawrence Mitchell will have to be settled as an intestate one.

Breen v. Cornwall.

Perhaps what we have already said is sufficient; but to avoid any possible misconception we answer the questions as follows:—

To the first question we answer, no; to the second one, yes, as already explained; to the third, no; to the fourth, at the death of the testator; to the fifth, no, it does not.

The Superior Court is advised to pass a decree in accordance with this opinion.

In this opinion the other judges concurred.