JOEL W. CONDIT, PLAINTIFF IN ERROR, v. DAVID·REY-NOLDS, DEFENDANT IN ERROR.

Argued March 11 and 12, 1901—Decided June 17, 1901.

A testatrix devised and bequeathed to her husband a life estate in her property, and then directed as follows: *"Third.* Upon the death of my said husband I give, devise and bequeath all my said hereinbefore mentioned estate in such manner as he may, by his last will and testament, or by an instrument in the nature of a last will and testament, devise and bequeath or appoint to receive the same, trusting entirely to his discretion to carry into execution such charge and instructions as I may, during my life, have expressed to him in regard thereto." By subsequent clauses she devised and bequeathed the remainder of her property, in the event of her husband dying without executing the power, and she appointed her husband her executor. *Held*—

1. That the intention of the testatrix was to confer upon her husband not an absolute, but a fiduciary power.

2. That as the persons or objects to be benefited by the exercise of the power were left indefinite by the will, and were not afterwards defined by any instrument executed as a will, the trust accompanying the power was incapable of judicial enforcement, and therefore the power failed, and the subsequent devises and bequests of the will took effect.

---

On error to the Essex Circuit Court.

For the plaintiff in error, *Joseph A. Beecher, Cortlandt Parker, Jr.,* and *Chauncey G. Parker.*

For the defendant in error, *Robert H. McCarter* and *Philemon Woodruff.*

The opinion of the court was delivered by

DIXON, J. This writ of error brings up a judgment of the Circuit Court of Essex county in an action of ejectment, wherein the plaintiff claimed under the fourth clause of the will of Mary H. Bishop and the defendant claimed under the third clause. The will is as follows:

"In the Name of God, Amen. I, Mary Harrison Bishop, of East Orange, in the State of New Jersey, being of sound and disposing mind and memory, and considering the uncertainty of human affairs, do make, ordain, publish and declare this my last Will and Testament, as follows:

"*First.* I direct my executor hereinafter named to pay all my just debts and funeral expenses.

"*Second.* I give, devise and bequeath all the rest, residue and remainder of my property legal and equitable, vested or contingent, of which I may be seized or possessed at the time of my decease, whether I now own or may hereafter acquire the same, to my husband Horace S. Bishop for his exclusive use, benefit and enjoyment for the full term of his natural life.

"*Third.* Upon the death of my said husband I give, devise and bequeath all my said hereinbefore mentioned estate in such manner as he may by his last Will and Testament or by an instrument in the nature of a last Will and Testament devise and bequeath, or appoint to receive the same, trusting entirely to his discretion *to carry into execution* such charge and instruction as I may during my life have expressed to him in regard thereto.

"*Fourth.* In the event my said husband shall die intestate or without executing the power hereinbefore conferred on him, I devise and bequeath all my said estate to such person or persons as by law would be entitled to receive the same had I lived until the time of the death of my said husband and at that time died intestate. The said property to be divided between them in such proportion as it would have been by law had I at that time died intestate as aforesaid.

"*Fifth.* I hereby make, constitute and appoint my said husband, Horace S. Bishop, sole executor of this my last

Will and Testament. I authorize and empower him to mortgage, sell, convey, exchange or lease any and all real estate of which I may die seized or possessed, and to execute any and all proper instruments therefor."

The plaintiff contends that the third clause is invalid, because it attempts to confer a power in trust without defining the objects of the trust with such certainty as will enable the courts to enforce the execution of the trust, and because it attempts to reserve to the testatrix a right to make a testamentary disposition of her property without compliance with the statute of wills. The Circuit Court, however, held that the power given to the husband of the testatrix was not coupled with a trust, but was absolute, and thereupon decided in favor of the defendant. On that decision an exception was sealed, and error is now assigned.

We think the intention of the testatrix was to confer upon her husband a power coupled with a trust   Several features of the will support this inference.

In the first place, the donee of the power is appointed executor, an office which implies a trust to effectuate the purposes manifested by the will.

In the next place, the testatrix, by the second clause of her will, had defined the rights which she intended her husband to take in her property for his own benefit, and had limited them to a life estate. As the power contemplated in the third clause was to operate on the remainder after his death, a strong presumption arises that the power was not intended to be absolute, for the benefit of the donee, but was meant to be exerted only for the benefit of others. A life estate, joined with an absolute power to dispose of the remainder by will, is so nearly equivalent to a fee-simple that, if such a union of estate and power were really designed, a fee-simple would probably be given.

But the controlling indication that the power was designed to be fiduciary is found in the explicit declaration of the testatrix that the purpose of the grant was "to carry into execution such charge and instruction as I may during my life have expressed to him in regard thereto" (i. e., in regard

to the disposition of her estate after her husband's death).
These words, "charge" and "instruction," express more than
hope or wish, or advice or recommendation; they have an
imperative significance which may not rightfully be resisted.
Their inherent force is not impaired by her expression of
entire trust in her husband's discretion to carry out her in-
junctions, for that trust had ample scope, without affecting
his duty to fulfill her purposes. She probably foresaw that
her directions, which her husband was to embody in his will,
would be expressed in terms more or less general and subject
to modification by circumstances arising after her death, and
in these respects she reposed entire trust in the discretion
of her husband. The fourth clause of her will also suggests
that she provided for such a change in conditions between
her own death and that of her husband as would render it
impossible for him to comply with her *charge and instruc-
tion,* and if, for that or any other reason, the power should
not be executed, she directed, by the will, how her property
should pass. But we discover nowhere in the instrument
any indication of a design to empower her husband to dispose
of her property otherwise than in accordance with the *charge
and instruction* which she should express to him.

It is further argued by the defendant that, because the
objects to be subserved by the execution of the power are
undefined, therefore the power was not meant to be fiduciary;
and many cases are cited which hold that the failure of the
donor to define the objects of his supposed bounty is a sign
that no bounty was intended. These cases rest upon the
reasonable doctrine that, when something is given to a per-
son which may be beneficial to him, but the terms in which
the gift is made are capable of meaning that the donee is
not to be the beneficiary, then the failure to point out any
other beneficiary than the donee is a significant circumstance
in his favor. But this doctrine is inapplicable when the
thing given cannot be used for the benefit of the donee, or
the terms of the gift show that it was not to be so used. In
such cases the failure of the donor to designate the beneficiary
will not enure to the advantage of the donee. *Briggs* v.

*Penny,* 3 *McN. & G.* 546; *Nichols* v. *Allen,* 130 *Mass.* 211.
In *Thomson's Executors* v. *Norris,* 5 *C. E. Gr.* 489, where a
testator had given to his widow the income from a fund
during her life and power to bequeath the fund among cer-
tain of his relatives "in such proportions as she might think
proper," this court held that the widow could not exercise
or release the power for a consideration of benefit to herself.
"The principle which I regard as established," said Chief
Justice Beasley, "is that the donees of such a power shall
gain no profit by force of their position." Thus the nature
of the gift itself, as well as the terms in which it was made,
imply that the power was not intended to be absolute, but
was fiduciary.

The next question is whether, as a fiduciary power, it is
valid.

The settled rule, both at law and in equity, is that, when
either an estate or a power is given in trust, and the pur-
poses of the trust are too indefinite for judicial execution,
then the gift cannot take effect. *Norris* v. *Thomson's Execu-
tor,* 4 *C. E. Gr.* 307; on appeal, 5 *Id.* 489. If the power
to be executed is so uncertain as to its objects that a court
of equity cannot say what particular person or persons, or
class of persons, are to take an interest under it as a trust,
it will be considered a mere power which cannot be carried
into effect. 1 *Perry Trusts,* § 253; *Stubbs* v. *Sargon,* 3 *Myl.
& C.* 507; *Wheeler* v. *Smith,* 9 *How.* 55.

The persons to be benefited by the exercise of the power
now under consideration were not at all defined by the will,
but were to be ascertained by the subsequent directions of
the testatrix. According to the doctrine established in this
state by the decision in *Smith* v. *Smith,* 9 *Dick. Ch. Rep.*
1; on appeal, 10 *Id.* 821, she could not lawfully ascertain
them unless she did so by a writing executed in conform-
ity with the requirements of the statute of wills, and this
she never did. In deciding the case just mentioned, Chan-
cellor McGill quoted, with approval, the language of Chief
Justice Gray, in *Olliffe* v. *Wells,* 130 *Mass.* 221, where the
will *sub judice* was, on this point, as nearly parallel with

the present as two independent private writings are likely to be. The clause there was: "To the Rev. E. M. P. Wells, all the rest and residue of my estate, to distribute the same in such manner as in his discretion shall appear best calculated to carry out wishes which I have expressed to him or may express to him." Having determined that Mr. Wells took no beneficial interest under the devise, the court held that the trust, on its face, was too indefinite to be carried out; that it could not lawfully be rendered definite, except in accordance with the statute of wills, and that the heirs or next of kin took by way of resulting trust.

On this principle the attempt to confer the power mentioned in the third clause of the present will failed, and consequently the devises and bequests intended by the fourth clause took effect.

The judgment of the Circuit Court should be reversed.

*For affirmance*—VAN SYCKEL, GARRISON, GUMMERE, GARRETSON.   4.

*For reversal*—THE CHIEF JUSTICE, DIXON, COLLINS, FORT, HENDRICKSON, BOGERT, ADAMS, VOORHEES, VROOM.   9.