A. BURDETTE HUGHES, ADMINISTRATOR, *vs.* ELIZABETH
FITZGERALD ET AL.

Third Judicial District, Bridgeport, April Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

While technical words are not essential to create a testamentary trust,
it is well settled in this State that such a trust will not be raised
by expressions of recommendation, confidence, or desire, unless
it clearly appears that the testator used them in an imperative or
mandatory sense.

A testator gave the use of one half of all his property to his wife dur-
ing her life, and all the rest, residue and remainder to his eldest
daughter, Mary, " and her heirs . . . , to dispose of as she may
deem best for the benefit of my daughters Mary, Johanna, Eliza-
beth, or either of them." Mary was named as executrix, with
" full power and control over my said estate, to do with it as she
thinks best, except that she is to allow my said wife the use and
improvement of one half part thereof " during her life. *Held* that
these provisions did not create a trust, but vested in the daughter
Mary an estate in fee simple in all the property given her by the
will.

No suit for the construction of a will should be entertained, unless it
is apparent that the plaintiff executor or trustee cannot safely dis-
charge the duties of his office without the advice and protection
of a court of chancery.

Argued April 11th—decided May 12th, 1905.

SUIT to determine the validity and construction of the
will of Patrick Fitzgerald of New Haven, deceased, brought
to and reserved by the Superior Court in New Haven
County, *Robinson, J.,* upon an agreed statement of facts, for
the advice of this court.

*George E. Beers* and *Albert F. Welles,* for Elizabeth Fitz-
gerald.

*Talcott H. Russell* and *James P. Pigott,* for Johanna Can-
ning *et al.*

HALL, J. Patrick Fitzgerald of New Haven died in 1864, leaving a widow, now deceased, and four children: Mary, then thirty-five years of age, Johanna twenty-eight, Elizabeth twenty-three, and a son John. Mary and John have since died; and Johanna (now Johanna Canning) and Elizabeth, the former both individually and as executrix of the will of her sister Mary, are the only persons interested in the property in controversy.

The provisions of the will of Patrick Fitzgerald material to the questions in this case are the following: " I give, bequeath, and devise all the rest, residue, and remainder of all my estate, both real, personal, and mixed, as follows : to my wife, Mary Fitzgerald, the use, benefit, interest, and improvement of one-half part thereof during her natural life.

"To my eldest daughter, Mary Fitzgerald, and her heirs, all the rest, residue, and remainder of all my said estate, both real, personal & mixed, to dispose of as she may deem best for the benefit of my daughters, Mary, Johanna, Elizabeth, or either of them, said estate so devised to my said daughter Mary & her heirs, being all my estate, real, personal, and mixed, except the use and improvement of one-half part thereof to my said wife during her natural life.

" And I hereby make, constitute, and appoint my said daughter, Mary Fitzgerald, executrix of this my last will and testament, hereby giving her full power and control over my said estate, to do with it as she thinks best, except that she is to allow my said wife the use and improvement of one-half part thereof during the natural life of my said wife."

The estate of Patrick Fitzgerald, as shown by the inventory and appraisal filed in the Court of Probate in 1865, consisted of half an acre of land, with a dwelling-house and barn thereon valued at $2,000, a piece of land near East Rock valued at $600, and $175 in cash.

In 1865 Mary Fitzgerald, as executrix of her father's will, filed an account, which was accepted by the Court of Probate, showing that the debts and expenses of administration, amounting to $356.82, exceeded the value of the

personal property by $161.82. No other account was ever rendered by her. All said debts and expenses were duly paid, said excess being paid from funds afterwards received from the condemnation of said East Rock tract, as hereinafter stated.

During the lifetime of the said daughter, Mary Fitzgerald, the piece of land near East Rock was taken as a part of East Rock Park of New Haven, and the sum of $1,662.50, assessed as damages therefor, was it 1882 paid to said Mary Fitzgerald as executrix of her father's will. Of the sum so received, $639.19 is now deposited in a New Haven savings-bank in the name of Mary Fitzgerald, executrix. The other land described in the inventory has never been sold.

Mary Fitzgerald died in March, 1904, and by her will, dated January, 1897, devised and bequeathed all her property to her sister, Johanna Canning, and appointed her executrix of her will; and in May, 1904, said Johanna returned an inventory of the estate of said Mary Fitzgerald showing cash in savings-banks amounting to $881.40, and land in New Haven appraised at $1,185—being the same land as the first-named tract in the inventory of the estate of Patrick Fitzgerald.

In June, 1904, the plaintiff was appointed administrator *de bonis non* with the will annexed, of the estate of said Patrick Fitzgerald.

Whether by the language of the will of her father, Pattrick Fitzgerald, Mary Fitzgerald received an absolute title to the property left her by said will, or whether under the will she received it subject to a trust, are among the questions upon which the plaintiff asks in this action the advice of the Superior Court.

It is true that it is not necessary to use the words " trust," or " trustee," or other technical terms, in order to create a valid trust by will. The question frequently is, and we think it is in this case, whether from the language of the entire instrument by which the trust is claimed to be created it appears to have been intended that property, the title to which is given to one person, is to be held or dealt with

for the benefit of another. Whether a trust has been created becomes, therefore, often a question of intention " to be gathered . . . from the general purpose and scope of the instrument." *Colton* v. *Colton*, 127 U. S. 300, 310, 311. In determining from particular words and terms of a will whether a certain gift was intended to be made in trust, there are, however, some well established rules which should be considered, and among those applicable to the present case is the settled law in this State, that a trust will not be raised by expressions in a will importing recommendation, confidence, or desire, unless it clearly appears that they were intended to be used in an imperative sense ; *Bristol* v. *Austin*, 40 Conn. 438, 447 ; *Harper* v. *Phelps*, 21 id. 257, 269 ; *Gilbert* v. *Chapin*, 19 id. 342, 351 ; although words which are precatory in form may sometimes be regarded as mandatory in effect, where it appears that they were intended to be used in that sense. *Dexter* v. *Evans*, 63 Conn. 58.

In the case at bar the particular words of the devise to the testator's daughter Mary, upon which counsel for Elizabeth Fitzgerald seem to rely as raising a trust, are these : " to dispose of as she may deem best for the benefit of my daughters, Mary, Johanna, Elizabeth, or either of them." But in determining whether these expressions were used in an imperative sense and with the intention of making the gift in trust, we must read them in connection with the remaining language of the will. Looking at that we find that the testator, before using the language above quoted, and in the same clause of the will, gives " all the rest, residue and remainder " of all his estate, " both real, personal and mixed " (which was the testator's entire estate less debts, etc., and the widow's life estate in one half the estate), to his " eldest daughter Mary Fitzgerald *and her heirs*," employing the usual and apt words for creating an absolute estate in fee simple. And again, after the words which are claimed to indicate his intention to make the gift in trust, and in the same clause of the will, he says that all his estate, real, personal and mixed, except the use and im-

provement of one half thereof to his wife during her life, is the estate devised to his daughter Mary and her heirs. And again, in the last clause of the will, as if to remove any question as to the character of the estate devised to Mary, which might possibly arise from the language before used, he adds, after appointing her executrix, "hereby giving her full power and control over my said estate, *to do with it as she thinks best*, except that she is to allow my said wife the use and improvement of one-half part thereof during the natural life of my said wife."

From all the language of the will, we are satisfied that the testator did not intend to use the words "to dispose of as she may deem best for the benefit of my daughters," etc., in a mandatory sense; that it was intended that in so far as Johanna and Elizabeth were to be beneficiaries, they were to be beneficiaries of Mary rather than of the testator, and that it was the testator's intention to give his daughter Mary an absolute estate in fee simple in the land, and an absolute title to all the property left her by the will.

No allowance from the property in question should be made for the expenses and fees of this proceeding. As all the parties in interest are before us, and no question has been made as to the regularity of this proceeding, we have concluded to answer the questions reserved for our advice, although we think it questionable whether the action ought to be entertained upon the facts of record. No action for the construction of a will should be entertained unless it is apparent that the executor, administrator with the will annexed, or trustee bringing it, cannot safely discharge the duties of his office without the advice and protection of a court of chancery. *Belfield* v. *Booth*, 63 Conn. 299. In the present case the controversy is between the two sisters, Johanna and Elizabeth, respecting the title to property which appears to be in the possession of one of them either as an individual or as an executrix. The plaintiff apparently has not in his possession any of the property which he alleges he is ready and willing to convey to whom it may appear of right to belong, and this is not a proper proceeding to en-

able him to obtain possession of it. Apparently, therefore, he has no such duty to perform or interest to protect as requires the advice and judgment of a court of equity, as to the construction to be placed upon the will of the late Patrick Fitzgerald.

The Superior Court is advised that Mary Fitzgerald was the absolute owner of all the property described in her father's will as devised to her and her heirs, and had full power to dispose of the same by will.

No costs will be taxed in favor of either party in this court.

In this opinion the other judges concurred.