TALCOTT H. RUSSELL, TRUSTEE, vs. CAROLINE E.
HARTLEY ET ALS.

Third Judicial District, Bridgeport, October Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A testatrix, who died in 1881, having left one half of the residue of her
    estate to a niece in fee, made a codicil in which such property was
    given to C in trust to pay over the income thereof to such niece
    during her life, and such portion of the principal, if any, as in the
    judgment of the trustee she might need for her comfortable sup-
    port. Upon the death of the niece the remainder of the trust fund
    was to be paid over to her children, if she left any, otherwise to
    "her heirs at law." The niece, sixty years old, is still living and is
    unmarried. In a suit to construe the will and codicil it was held:—
1. That the gift in the codicil to the "heirs at law" of the niece, in case
    she died without children, was in violation of the statute against
    perpetuities existing at the death of the testatrix and was there-
    fore invalid.
2. That this invalidity did not, however, affect the legality of the trust,
    which was the main purpose of the testatrix in making the codicil,
    nor prevent its execution.

Russell *v.* Hartley.

3. That the discretionary power conferred upon the trustee named in the will, with respect to the expenditure of the principal, was not one of special, personal confidence, but one which passed to and was exercisable by his successor, whose decision as to when, and to what extent, the principal should be used, was not necessarily final and conclusive, but under certain circumstances might be reviewable by a court of equity.
4. That the trust provision in the codicil for the support of the niece during her lifetime, was clearly repugnant to the gift of an absolute estate in fee in the same property, as set forth in the will, and that to such extent the will was revoked by the codicil.
5. That should the niece die without children, the property then constituting the trust fund would become intestate estate of the testatrix, since no further valid disposition of it had been made.
6. That inasmuch as it could not now be legally determined whether the niece would leave children, or who would be her heirs or personal representatives, the question of who was or would be entitled to the remainder of the trust fund was premature.

The intention of a testator is the governing principle—the rule of rules—in the construction of a will and codicil; and this intent, unless contrary to some positive rule of law, must prevail.

Provisions in a will which are partly legal and partly illegal will be upheld as to the former, unless the two are so inextricably blended as to be incapable of separation.

Repugnant provisions in a will must be construed in such way as to preserve the intention of the testator.

Judicial precedents can rarely be of great weight in the construction of wills; for the intention of each depends upon its own terms and setting, and no two are identical.

The cases of *Security Co.* v. *Snow*, 70 Conn. 288, and *Whitaker* v. *Mc-Dowell*, 82 Conn. 195, distinguished.

Provisions of a will may be revoked in express terms, or by subsequent inconsistent or repugnant provisions. Revocation because of repugnancy is, however, a rule of necessity, and operates only so far as it effectuates the testator's intention.

This court will not ordinarily express its opinion upon questions of testamentary construction unless every one who could be affected thereby is a party to the cause; but may see fit to depart from that rule when only one conclusion is permissible in any event, and the determination is necessary for the protection of the executor or trustee in the discharge of his duties.

Questions of testamentary construction which rest upon a contingency or condition which may happen or exist, and which will affect the rights of one yet unborn, or one not a party to the action, are regarded by this court as premature, except in cases where the rights of such persons can in no event be prejudiced, and in which justice will be served, by their answer.

The personal representative of the testator should be made a party to an action to construe his will, notwithstanding the estate has been settled and the property turned over to the testamentary trustee, who seeks the guidance of the court in the discharge of his duties; for until he is made a party—unless the case, like the present one, is exceptional in its circumstances—this court will refuse to entertain the action.

Argued October 27th—decided December 16th, 1910.

SUIT to determine the validity and construction of the will of Caroline E. Blake of New Haven, deceased, brought to and reserved by the Superior Court in New Haven County, *Williams, J.*, upon the facts alleged in the complaint and admitted by the answers, for the advice of this court.

*George D. Watrous* and *Harrison T. Sheldon,* for John F. Douglas *et als.*

*Leonard M. Daggett* for Caroline E. Hartley.

*John W. Bristol,* for Marguerite B. Hartley *et als.*

WHEELER, J. The testatrix, Caroline E. Blake of New Haven, died in April, 1881, leaving as her sole heirs at law a sister, Henrietta M. Hartley, and the children of a deceased brother, Annie F. Douglas and Marie E. H. Blake.

By her will, executed June 26th, 1878, she left the residue of her estate to be divided equally between her said sister, Henrietta M. Hartley, and Caroline E. Hartley, the daughter of said sister, who is now unmarried and sixty years of age.

A codicil to said will, executed February 11th, 1880, contains this provision: "The property which I have by my will given to my niece, Caroline E. Hartley, I now desire to be held in trust for her therefore I hereby modify my said will so that my trustee hereinafter

named shall take and hold such estate as my said niece would otherwise receive under such will in trust however, and for the following purposes, namely, to duly invest the same and to change investments whenever necessary, to pay over the income of said trust fund to said Caroline E. Hartley during her life and if in the judgment of said trustee she shall need more than the income thereof, then I authorize my said trustee to pay over to her from time to time such portion of the princi-pal of said trust as he may deem necessary for her comfortable support. Upon the death of said Caroline E. Hartley, I authorize my said trustee to pay over whatever may remain of said trust fund to the children of said Caroline, if she leaves any children, but if she dies without issue, then to pay the same to her heirs at law. I hereby appoint Watson V. Coe of said New Haven, trustee of the trust created by this instrument."

Said will and codicil were duly admitted to probate and the estate regularly settled and all lawful claims against the same were paid and the executor named in said will filed his final account as such, which was accepted and approved. Thereupon said Coe was appointed trustee under said codicil and duly qualified, and one half the residue was delivered to him as trustee. The plaintiff was appointed by the Court of Probate and qualified as trustee under said codicil by succession from the trustee named in said codicil.

The plaintiff trustee asks the advice of the court upon these questions:—

"(a) Whether the bequest in the codicil to the heirs at law of said Caroline E. Hartley is void, as contrary to the statute of perpetuities in force at the time of the death of said Caroline E. Blake. (b) Whether, if said bequest to the heirs at law of said Caroline E. Hartley is void, the said codicil is in any other respect valid and operative. (c) Whether the said codicil operates to re-

voke, in whole or in any part, the gift of one half of the rest, residue and remainder of the estate of the defendant Caroline E. Hartley. (d) Whether the defendant Caroline E. Hartley is the owner of the property in the plaintiff's hands as trustee as of her own absolute estate, free and discharged of any trust, and is entitled to the immediate possession of the same. (e) What, if any, interest has each of the defendants other than said Caroline E. Hartley in the property in the plaintiff's hands as trustee? "

The underlying and controlling purpose of the testatrix in executing this codicil was to make certain that her niece Caroline should be provided with a comfortable support during her life. For this end, the share given by will to the niece absolutely is given by the codicil to a trustee, to hold and invest and pay over the income to her during her life, and if in his judgment she shall need more than the income, to pay over such portion of the principal of said trust as he may deem necessary for her comfortable support. Necessity will create the emergency requiring the trustee to resort to the principal.

The language used, without extrinsic evidence, makes clear the intent, and the intention of the testatrix is the governing principle—the rule of rules—in the construction of this will and codicil. The law gives effect to this intention and so executes the will of the testatrix. *Jacobs* v. *Button,* 79 Conn. 360, 362, 65 Atl. 150; *Jackson* v. *Alsop,* 67 Conn. 249, 253, 34 Atl. 1106; Schouler on Wills & Adm'n (Ed. 1910) p. 230, § 467; *Stimson* v. *Vroman,* 99 N. Y. 74, 79, 1 N. E. 147.

The bequest contained in the codicil to the heirs at law of Caroline E. Hartley, if she die without issue, is in violation of the statute against perpetuities in force at the time of the testatrix's death (General Statutes, 1875, p. 352, § 3) and therefore invalid. *Bartlett* v.

*Sears*, 81 Conn. 34, 70 Atl. 33; *Perry* v. *Bulkley*, 82 Conn. 158, 72 Atl. 1014; *Harmon* v. *Harmon*, 80 Conn. 44, 46, 66 Atl. 771; *Gerard* v. *Ives*, 78 Conn. 485, 489, 62 Atl. 607; *Grant* v. *Stimpson*, 79 Conn. 617, 66 Atl. 166; *Security Co.* v. *Snow*, 70 Conn. 288, 292, 39 Atl. 153; *Tingier* v. *Chamberlin*, 71 Conn. 466, 42 Atl. 718; *Leake* v. *Watson*, 60 Conn. 498, 21 Atl. 1075.

The illegality of the gift over to the heirs does not affect the validity of the trust, nor can it prevent its being carried out.

Unless the testatrix's intent is contrary to some positive rule of law it must prevail. *Wolfe* v. *Hatheway*, 81 Conn. 181, 184, 70 Atl. 645. And if it is partly legal and partly illegal, the legal part will be upheld unless bad and good are so inextricably blended as to be incapable of separation.

The trust is not subservient or auxiliary to the disposition of the remainder to the heirs, but independent of it, and so wholly separable from the part which is illegal that it does not involve consequences antagonistic to the testatrix's intent, but preserves and supports it; and so the trust may stand though the remainder fall. The primary intention of the codicil is not frustrated by cutting out the bad part. The main scheme of the codicil, which is the trust, stands, while an incidental purpose, the disposition of the remainder, goes. *Beers* v. *Narramore*, 61 Conn. 13, 21, 22 Atl. 1061; *Andrews* v. *Rice*, 53 Conn. 566, 571, 5 Atl. 823.

The trust is attacked as invalid and wholly inoperative after the death of the trustee named in the codicil, for the reason that the powers conferred upon the trustee are discretionary and personal to him and cannot be exercised by his successor.

It is true, a power conferred upon a trustee of personal confidence ends with his death. The terms of the codicil construed with the will furnish the true guide in

ascertaining whether the power is one of personal confidence, and this guide is the intention of the testatrix. The testatrix contemplates a trust which shall exist during the life of her niece and provide her with a comfortable support, from the income if this be sufficient, and, if not, from the principal in such proportion as the trustee may determine. In the event of a remainder after the termination of the trust the codicil attempts to dispose of this finally. It is wholly improbable the testatrix, knowing the uncertainty of life and solicitous and insistent as she exhibits herself in the care of her niece during her life, should intentionally have inserted in the codicil a clause repugnant to her own purpose, and taken from her niece the protection which was the object of the codicil, by limiting the powers of the trust to the trustee of her own naming. Repugnant provisions must be construed in such way as to preserve the intention of the testatrix. *Viele* v. *Keeler*, 129 N. Y. 190, 199, 29 N. E. 78. The language of the codicil does not either necessarily or impliedly lead to the conclusion that the powers conferred upon this trustee were because of special or peculiar confidence reposed in him. The duty of the trustee is to pay the income to the niece during her life; over that he has no discretion. His authority to pay over the principal is limited by the purpose named, viz: for her comfortable support. When the necessity arises the duty of the trustee is clear. The determination of the occasion for the exercise of this power, and the extent of its exercise, while ordinarily for the discretion and judgment of the trustee, is not an ultimate judgment. A court of equity in an appropriate case will review and revise that judgment. *Peckham* v. *Lego*, 57 Conn. 553, 554, 19 Atl. 392.

Judicial authority in the verbal interpretation of one will can rarely be of great weight in the construction of another, for the intention of each depends upon its own

terms and its own setting, and no two are identical. At best, adjudications serve as illustrations of the application of established principles to special cases. The principles of the precedents control; the facts of the precedents do not. *Chesebro* v. *Palmer*, 68 Conn. 207, 211, 36 Atl. 42; *Wolfe* v. *Hatheway*, 81 Conn. 181, 184, 70 Atl. 645.

The cases from our own reports to which our attention has been directed as furnishing instances where powers in trust were held to be personal to the trustee named, because the testator's intention evinced a purpose to repose in the trustee named and no other, especial confidence to carry out discretionary powers, are dissimilar in their facts to the case here. In *Whitaker* v. *McDowell*, 82 Conn. 195, 197, 72 Atl. 938, the testator provided that the income of a trust fund be paid to his sister for life, and gave the trustee authority to use so much of the principal as might in his judgment be needed for her suitable care and maintenance, and then specified: "and it is my will that said trustee have an absolute discretion in the manner of the disposition of said trust fund, both principal and income, during the lifetime of my said sister, and his decision in said matter is to be final and conclusive." Of this we said, HALL, C. J.: "The language of the will before us does not make it the duty of the named trustees to pay any portion of the principal to the testator's sister, under any circumstances. If said life beneficiary should need more than the income of the $5,000 for her support, it was left to the judgment of the trustee named in the will to decide whether it would be well to expend either a part or the whole of the principal, and to thus either reduce or entirely take away from the testator's said sister her future income. The words: 'It is my will that said trustee have an absolute discretion in the manner of the disposition of said trust fund, both principal and

income, during the lifetime of my said sister, and his decision in said matter is to be final and conclusive,' make it clear that it was not the testator's intention to require the trustee as one of his duties to pay to the life beneficiary, at any time, any part of the principal of the trust fund, but that he intended to leave it to the judgment and discretion of the original trustee as to whether or not any part of the principal should be paid to said life beneficiary. Such discretionary power as to the use of the principal was a matter of personal confidence in the original trustee, which cannot be exercised by the plaintiff." In *Security Co.* v. *Snow,* 70 Conn. 288, 291, 39 Atl. 153, we held that "the codicil was made for the single object of placing the share of Alice [the testator's daughter, Mrs. Burrill] under the control of his [the testator's] wife, as trustee for her benefit, with large discretionary powers. Mrs. Snow was directed to pay and convey the trust estate to Mrs. Burrill from time to time, as she, the trustee, might deem for the interest and welfare of Mrs. Burrill; and any portion of the estate 'or the net income thereof' not so paid and delivered to her during her life, was at her decease to go to her 'lawful heirs.' The trustee was not required to pay over the annual income from the trust estate to Mrs. Burrill during her life. The trust created was such that it might be terminated at any time during her life, at the discretion of the trustee. . . . The death of Mrs. Snow, before making over to Mrs. Burrill any considerable portion of the estate, rendered it thenceforth impossible to promote his daughter's interest and welfare in the manner contemplated by the testator. The discretionary powers which he gave to his wife for that purpose were purely personal and ended with her life." These quotations are sufficient to disclose the marked difference between these cases and the one at bar. In them the intention of the testa-

tor to create a trust of personal confidence was clear; in this case the reverse is equally clear. The discretionary power was intended by the testatrix to be annexed to the office of trustee and not to the original appointee. There is no legal reason why the plan of the testatrix so far as the trust is concerned may not be fully carried out.

The provisions of a will may be revoked, when these are legal, in express terms or by inconsistent or repugnant provisions of a later with an earlier instrument. This codicil does not in its terms revoke the will. The revocation of a will by a codicil because of repugnant provisions is a rule of necessity, and operates only so far as it may effectuate the intention of the testatrix. Revocation is "altogether a matter of intent." *Giddings* v. *Giddings*, 65 Conn. 149, 157, 32 Atl. 334; *Strong's Appeal*, 79 Conn. 123, 125, 63 Atl. 1089; *Security Co.* v. *Snow*, 70 Conn. 288, 292, 39 Atl. 153. It was the manifest intention of the testatrix primarily to create a trust for the benefit of her niece, and incidentally to dispose of such part of the trust fund as might remain after the execution of the trust. It was not her purpose to leave any part of this estate intestate. She disposed of all the property she had theretofore disposed of by her will, and for these purposes she, as the codicil says, "modifies" her will. *Blakeman* v. *Sears*, 74 Conn. 516, 51 Atl. 517. The main purpose of the testatrix to create a trust may be legally fulfilled. Between codicil and will there is an invincible repugnancy, and the last expression prevails. Schouler on Wills & Adm'n (Ed. 1910) p. 234, § 478. One of the incidental purposes of the testatrix, to have such part of the principal as remained after the execution of the trust go to the children of her niece, is valid. Her other incidental purpose, to have the part of the principal remaining paid to the heirs of the niece if she die

without children, though void, is so entirely separable from the other provisions of the codicil its invalidity cannot affect them nor be permitted to defeat the intent of the testatrix.

The gift over to the heirs being void, no provision is made for the contingency of Caroline E. Hartley dying without children, and in such event the fund then remaining in the hands of the trustee becomes intestate estate. This is the only conclusion permissible in any event, and may be so necessary for the advice and protection of the trustee in the performance of his duty that we depart from the ordinary rule and express our opinion, though it is possible some who are unborn may have an interest in this fund. *Barnes* v. *Kelly*, 71 Conn. 220, 41 Atl. 772.

The word "children" is used in the codicil interchangeably with the word "issue" and with the meaning "children." *Mitchell* v. *Mitchell*, 73 Conn. 303, 305, 47 Atl. 325; *Bartlett* v. *Sears*, 81 Conn. 34, 39, 70 Atl. 33.

Inasmuch as it cannot be legally determined until the death of Caroline whether she leave children, or who will then be her surviving heirs at law, or who her representatives, question (e), "What, if any, interest has each of the defendants other than said Caroline E. Hartley in the property in the plaintiff's hands as trustee?" is premature. Questions of construction which rest upon a contingency or condition which may happen or exist, and which will affect the rights of one yet unborn, or one not a party to the action, are regarded by the court as premature except in exceptional cases where the rights of such parties can in no event be prejudiced, and justice will be served, by their answer. *Smith* v. *Jordan*, 77 Conn. 469, 472, 59 Atl. 507; *Security Co.* v. *Pratt*, 65 Conn. 161, 182, 32 Atl. 396.

Ordinarily our practice requires, as we have recently

ruled on several occasions, that the executor or administrator of the testatrix should be a party to an appeal such as this. Since this estate has been settled, and all lawful claims against the same paid, and the final account duly accepted and approved, and all the parties other than the executor or administrator of the estate made parties hereto, and no conclusion reached by us which can, in any event, prejudice the rights of any party in interest, we have decided to overlook the irregularity of not having made the executor or administrator a party, and comply with the request for our advice so far as it may affect the duties of the trustee, who cannot safely discharge them without the advice and protection of this court. *Hughes* v. *Fitzgerald,* 78 Conn. 4, 8, 60 Atl. 694; *Security Co.* v. *Pratt,* 65 Conn. 161, 182, 32 Atl. 396; *Rockwell* v. *Bradshaw,* 67 Conn. 8, 14, 34 Atl. 758.

The Superior Court is advised that the bequest in the codicil to the heirs of Caroline E. Hartley is void; that said codicil revokes said will in so far as the bequest and devise to said Caroline E. Hartley is concerned; that said Caroline E. Hartley is not the owner of the property in the hands of said trustee as of her own absolute estate and entitled to its immediate possession; that except as to said bequest to the heirs at law of Caroline E. Hartley said codicil is in all other respects valid, and the court declines to answer question (e).

No costs in this court will be taxed in favor of any party.

In this opinion the other judges concurred.