THOMAS v. ANDERSON et al.

(Circuit Court of Appeals, Eighth Circuit. August 20, 1917. Rehearing Denied December 3, 1917.)

No. 4729.

1. WILLS ⬅═513—CONSTRUCTION—DESIGNATION OF DEVISEE.
    A devise and bequest of the residuary property of a testatrix "to my executor, William E. Thomas, to convey, bargain, sell, distribute or dispose of as he may choose or see fit to do with, following as nearly as may be possible for him to do, any instructions, directions or requests that I may hereafter * * * make or request," construed in connection with another clause making a separate devise to "my nephew, William E. Thomas," without restrictions, held not a gift to the devisee in his private capacity, but as executor in trust for such purposes as the testatrix might thereafter designate.

2. WILLS ⬅═513—CONSTRUCTION—DEVISE TO EXECUTOR—PRESUMPTION.
    It is a cardinal rule that a devise of property to an executor is presumed to be given to him in trust, and not privately, and, in order to justify a court in reaching a contrary conclusion, there must be language in the will which clearly expresses such an intent.

3. WILLS ⬅═862—ESTATES IN TRUST—EFFECT OF FAILURE OF TRUST.
    Where a residuary estate is devised to the executor in trust, but the testator fails to designate the beneficiaries of the trust, it will be treated as intestate property, and disposed of as if no such will had been made.

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Suit in equity by Harry Anderson, William C. Michaels, as administrator of John Anderson, deceased, and William C. Michaels, as administrator of Mary Anderson, deceased, against William E. Thomas, as executor of the will of Mary Thomas Piper, deceased, and William E. Thomas individually. Decree for complainants, and defendants appeal. Affirmed.

A. N. Gossett, of Kansas City, Mo., for appellant.

William C. Michaels, of Kansas City, Mo. (Delbert J. Haff, Edwin C. Meservey, and Charles W. German, all of Kansas City, Mo., on the brief), for appellees.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. This suit is brought by plaintiffs to compel defendant as executor to account to them for their share of the residuary estate of Mary Thomas Piper, deceased. The defendant in his answer claims that the residuary estate by the will of the testatrix is left to him personally, and not as executor. The suit has been in this court before. 223 Fed. 41, 138 C. C. A. 405. The defendant whose presence defeated jurisdiction then was dismissed when the case was returned to the lower court. Upon the second trial a decree was entered in favor of plaintiffs, and defendant appeals.

The defendant offered parol evidence which he thought tended to support his side of the controversy. The trial court at first received it, but later struck it out, and that ruling is one of the matters complained of. We think the ruling was right, but do not consider the question important. We have examined the evidence and agree with the trial court that it does not furnish substantial aid in the decision of the matters that are controlling.

[1] The controversy turns upon the twenty-ninth article of the will which reads as follows:

"Twenty-Ninth. All the rest, residue and remainder of my property both real and personal that I may own or possess at the time of my death, I give, devise and bequeath to my executor, William E. Thomas, to convey, bargain, sell, distribute or dispose of as he may choose or see fit to do with, following as nearly as may be possible for him to do, any instructions, directions or requests that I may hereafter give, make or request."

The question to be decided is whether under this paragraph William E. Thomas takes the residuary estate personally for himself, or in trust as executor.

It would not be true to say that the question could be answered clearly, either from reading the will or reading the will in connection with the oral evidence. The real intent of the testatrix is still dark and obscure.

What are the factors from which the inference one way or the other must be drawn? The principal ones are few. Those in favor of the plaintiffs, and which the trial court thought preponderant are these:

1. The testatrix in the seventh paragraph of her will had already given a separate bequest to William E. Thomas of one-tenth of her real property, valued at $100,000. If she meant him to have everything except what she specifically devised to others, why did she not leave this specific bequest to be embraced as a part of the residuary estate? It will be noted that the twenty-ninth paragraph by its language embraces both real and personal property.

2. In making the bequest in the seventh paragraph the author of the will spoke in unmistakable terms. There is no doubt that she in-

tended the one-tenth there referred to to belong to defendant personally. She makes no reference that clouds this meaning. She speaks of him there, not as her executor, but as her nephew. She adds no words in which she attempts to tell what powers William E. Thomas may exercise over that property. She evidently recognized clearly that, if it was to be his private property, he could exercise all the powers with respect to it possessed by any owner.

3. But in the twenty-ninth paragraph she does not speak of William E. Thomas as her nephew. She speaks of him as her executor, and the plaintiffs urge that when she uses that term she uses it not simply to identify William E. Thomas, but uses it to indicate the capacity in which he is to take the residuary estate. It is certainly impressive that when she intends him to take privately, as she clearly does in the seventh paragraph, she refers to him as "my nephew, William E. Thomas." If it is her purpose that he shall take privately as to the residuary estate devised in the twenty-ninth paragraph, why does she use the words "my executor," which on their face are words of trust? To be sure, it is possible to say that she used them simply as terms to identify the William E. Thomas to whom she was referring. But the fact that she uses a term, when she is giving to him in his private capacity, which implies no trust, and uses the term "executor," which does imply a trust, when she is disposing of the residuary estate, is one of the factors which tend to show her purpose that he should take the residuary estate as executor, and not privately.

4. Every word that follows the name William E. Thomas in the twenty-ninth paragraph militates against the inference that the testatrix was giving the residuary estate to Mr. Thomas in his private capacity. If we select the terms "convey" "bargain," "sell," "dispose of as he may choose or see fit," all of that language becomes mere surplusage, if the residuary estate was given to him as his private property. Every owner of private property has the right to exercise all those powers with respect to it. It is only those who are acting in a trust relationship who need to have such powers specifically granted to them. If we take the other term, "distribute," that is clearly a word of trust, indicative of an act to be performed by William E. Thomas as executor, and not as a private individual.

5. If we take the concluding words of the paragraph, "following as nearly as may be possible for him to do any instructions, directions or requests that I may hereafter give, make or request," these are unmistakably words of trust inconsistent with a purpose to confer upon William E. Thomas an absolute private ownership of the residuary estate.

[2] 6. Finally, it is a cardinal rule, well established by authority, that a devise of property to an executor is presumed to be given to him in trust, and not privately, and in order to justify a court in reaching a contrary conclusion there must be language in the will which clearly expresses such an intent. The best that can be said of this will is that there is some language in it supporting such an inference. It cannot truthfully be said that that inference is made clear and plain.

Let us now turn to the factors which it is claimed point to the con-

clusion that the residuary estate is given to William E. Thomas in his private capacity.

1. Chief of these is that the twenty-ninth article fails to specify the beneficiaries of the trust, or the terms upon which the trust is to be performed. In other words, the trust, if the property was in fact given in trust, is not expressed in the will, but is left to directions thereafter to be given by the testator, and which she failed to give, and for that reason the trust must fail. The defendant therefore invokes the rule that the will must be construed so as to dispose of the entire estate. He properly urges that when a person makes a will the mere execution of the instrument necessarily imports a purpose to dispose of the entire estate by means of the instrument. McMahan v. Hubbard, 217 Mo. 264, 118 S. W. 481. If it be ruled, as the trial court decided, that William E. Thomas took the residuary estate in trust, still the court is compelled to adopt the conclusion that the author of the will did not in fact make a valid disposition of the residuary estate because the trust is so indefinite that the court cannot perform it without writing into the will language which shall define both the beneficiaries and the shares which they shall have.

2. Defendant urges that the words which immediately follow his name are used for emphasis to express the intent that William E. Thomas is to have the property absolutely, and exercise with respect to it the powers of an absolute owner.

3. The last clause, according to defendant's view, simply expresses a pious confidence of the testatrix in the relative of whom she was most fond. It was not intended to qualify the absoluteness of the devise of the residuary estate, but is a specific expression of a contrary purpose. At the time of signing her will the testatrix knew of no desired benefaction which she had not made. If anything of that nature should occur to her, she would tell her trusted kinsman to whom she had left the residuary estate, and, instead of adding a codicil to her will, would leave it to him to carry out her wish. She wrote this expression of her confidence in immediate relationship to her most generous gift to William E. Thomas, not only as an expression of that confidence, but that it might have an association which would be most impressive upon his memory after she was gone. Viewed in that light, instead of expressing a purpose that the residuary estate should be held upon an indefinite trust, the last clause indicates the clear purpose of the testatrix that the residuary estate was left absolutely to William E. Thomas, with a purpose to trust to him personally to carry out any new wish that should occur to the testatrix after the signing of her will.

There are several minor considerations upon both sides which are referred to in the briefs, but which are not of sufficient importance to require separate discussion. We think we have presented the real controlling elements.

[3] After the most careful consideration and weighing of these elements in the light of the entire will, and also examining the oral evidence which the trial court struck out, we have reached the conclusion that the trial court correctly ruled that defendant took the residuary

estate in his trust as executor, and not beneficially. The trust itself fails because it is too indefinite for enforcement. That leaves the residuary estate to be disposed of as if no will had in fact been made. The decedent having failed to dispose of it by her will, the law takes hold of it, and disposes of it as if no will had been executed. That course is adopted, not as a matter of choice, but as a matter of necessity.

There have been too many instances in which such trusts have failed, and the courts have been compelled to dispose of the residuary estate as if no will had been made, to justify us in reaching the conclusion which the defendant urges, and upon which his case largely rests. It would serve no good purpose for us to do again what has been so often done by courts, review the authorities and restate the particular features that have led judges, in interpreting wills similar to the one here involved, to adopt one conclusion or the other. Every will presents its own problems. The question to be decided is not a question of law, but a mixed inference of law and fact. It is akin to the question that is ever recurring in patent cases as to whether a patent discloses inventive genius or is only the result of mechanical skill, or the question in negligence cases whether a party exercised or failed to exercise reasonable care. Each case rests upon its own facts, and the court best performs its duty when it sets forth, as we have tried to do, the considerations which impel it to the decision reached. The cases which present the closest analogies to the present one are the following: Christman v. Roesch, 132 App. Div. 22, 116 N. Y. Supp. 348; Ingram v. Fraley, 29 Ga. 553; McCurdy's Appeal, 124 Pa. St. 99, 16 Atl. 626, 10 Am. St. Rep. 575; Briggs v. Penny, 3 De Gex & Sm. 525; Schmucker's Estate v. Reel, 61 Mo. 592; Condit v. Reynolds, 66 N. J. Law, 242, 49 Atl. 540; Davison v. Wyman, 214 Mass. 192, 100 N. E. 1105; Gross v. Moore, 68 Hun, 412, 22 N. Y. Supp. 1019; Hughes v. Fitzgerald, 78 Conn. 4, 60 Atl. 694.

The decree is affirmed.

---

⬅═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes