A testamentary gift to several persons by name is presumably a gift to them as individuals and not as a class, even though they constitute a natural class. "The presumption referred to, however, is but a rule of construction to be used in the ascertainment of the intention of testator; the presumption is not conclusive." Security Trust Co. v. Lovett, 78 N.J. Eq. 445,452; U.S. Trust Co. v. Jamison, 105 N.J. Eq. 418. "The only universal rule for determining whether testamentary gifts to several parties are gifts to them as a class or as individuals, is to ascertain the intention of the testator. As aids to that end, the general scope of the will, the general purpose of the testator, the particular language used, the relationship of the parties, and the surrounding circumstances, may all be considered." Walker v. First Trust and Savings Bank,15 Fed. Rep. 2d 896; 75 A.L.R. 757.
Julius M. Guter, by his last will and testament, gave his residuary estate to trustees to pay the income therefrom to his wife for life,
"for her maintenance and support and for the maintenance, support and education of my sons, John Duff Guter and Robert Maxwell Guter, during their respective minorities. After the death of my said wife to expend the net income, together with so much of the principal as may be necessary or advisable, for the education, maintenance and support of my said sons, John D. Guter and Robert Maxwell Guter, during their respective minorities, and to pay to them the net income therefrom for their own use and benefit after they reach the age of twenty-one years and until they reach the age of thirty years, at which time I direct that one half of the principal shall be paid to them in equal shares; and the income from the remaining one-half thereof paid to them until they reach the age of thirty-five years, at which time I direct that the balance of the principal be paid over to them in equal shares for their own use and benefit.
"If I shall leave any other child or children me surviving, I direct that such child shall share with my said sons under the provisions herein and under the same terms, conditions and trusts."
At the date of the will, November 9th, 1927, testator had but the two children named in the will, John and Robert, both little babies. Robert died in February, 1928, at the age of five months, and testator passed away in December of the *Page 219 
same year. No child was born to him after the date of the will. The question presented is whether the gift to Robert lapsed so that Mr. Guter died intestate as to the remainder interest in one-half of his residuary estate, or whether the surviving son John takes the whole interest. If the gift was made to the two children individually, there is an intestacy, but not so if it is a class gift. Rippel v. King, 126 N.J. Eq. 297; 128 N.J. Eq. 179.
There may be an effective class gift to a named person and a group who are designated by a collective term, for instance, "L and his children." Mitchell v. Mitchell (Conn.),47 Atl. Rep. 325; Spencer v. Adams (Mass.), 97 N.E. Rep. 743;Kingsbury v. Walter (1901), A.C. 187; 7 B.R.C. 775. In the last cited case, see especially the opinion of Lord Davey. The will before me is much like that considered in In re Stanhope'sTrust, 27 Beavan 201; 54 E.R. 78. In that case, a testator gave the residue of his estate to four daughters by name and their issue, and afterwards directed that any subsequent daughters and their issue should be entitled to equal shares with the four named. One of the four died without issue in the life of testator and it was held by the Master of the Rolls that there was no intestacy, since the daughters took as a class. To the same effect are In re Jackson, 25 Ch. Div. 62; In re Marvin
(1891), 3 Ch. 197; 3 Restatement — Property § 281(d).
It seems to me quite clear that Mr. Guter intended that his entire residuary estate should go to his surviving child or children, regardless of their number. This is a class gift and there is no intestacy. *Page 220